## The City of Huntington *v.* Pease.

CITIES AND TOWNS.— *Ordinance.*—*Action for Violation of.*—*Pleading.*—A complaint by a city, for a penalty incurred by a violation of a penal ordinance of such city, need not set out a copy thereof.

SAME.—*Sufficiency of Complaint.*—A complaint in such action, alleging that the defendant, on, etc., at, etc., "did then and there violate section," etc., "of chapter," etc., "of an ordinance of said city, passed by the common council thereof, on," etc., "by unlawfully violating the provisions of the same," is insufficient, and should be dismissed on motion.

From the Huntington Circuit Court.

*B. F. Ibach,* for appellant.

*L. P. Milligan, A. Moore,* and *Branyan & Watkins,* for appellee.

Howk, J.—The appellant sued the appellee, before the mayor of the city of Huntington, to recover a penalty for an alleged violation of a city ordinance. There was a trial before the mayor, which resulted in a judgment against the appellee, from which judgment he appealed to the court below. The appellee moved the court below to dismiss the action, because of the insufficiency of the appellant's cause of action; which motion was sustained by the court, and the appellant excepted and filed his bill of exceptions, signed and sealed by the court and made part of the record of this cause.

In this court, the only error assigned by the appellant is, that the court below erred in sustaining appellee's motion to dismiss the action. The only question presented for our consideration by this alleged error relates to the sufficiency of the verified complaint or affidavit which contained the appellant's alleged cause of action against the appellee. Omitting the venue, title of cause and court, and jurat, this verified complaint or affidavit was as follows:

"The City of Huntington complains of the said defendant, Cornelius Pease, late of said city, and says, that the said defendant, on the 19th day of June, 1875, at the city and county aforesaid, did then and there violate section 13 of chapter 4 of an ordinance of said city, passed by the common council thereof on the 17th day of December, 1873, by unlawfully violating the provisions of the same. Wherefore the plaintiff demands judgment for one hundred dollars, as provided in section 13 of said chapter."

Does this complaint state facts sufficient to constitute a cause of action in the mayor's court? This is the only question before us; for of course, if the com-

plaint was sufficient in the mayor's court, it was sufficient in the court below, and will be held sufficient in this court.

In the 17th section of the general law for the incorporation of cities, approved March 14th, 1867, under which it will be presumed, nothing appearing to the contrary, that the appellant was and is incorporated, it is provided, among other things, that "the same rules of pleadings and practice shall be observed in the city judge or mayor's court, that are in [a] justice's court." 1 R. S. 1876, p. 272. And in the 19th section of the same act, it is also provided, among other things, that "it shall not be necessary to file with the affidavit or complaint a copy of the ordinance, or section thereof, charged to have been violated, but it shall be sufficient to recite in the affidavit or complaint the number of the section charged to have been violated, with the date of its adoption." The 35th section of the justices' act requires a plaintiff to "file with the justice a statement of the grounds of his complaint, or the written instrument which is the foundation of his suit." 2 R. S. 1876, p. 614. The above extracts from different acts and sections comprise all the legislation of this State, bearing directly on the question which we are now considering.

In the case at bar, the charge against the appellee, stripped of all introductory or formal matter, is, that, on, etc., at, etc., the appellee violated a certain section of a certain ordinance of the city of Huntington, passed by its common council at a certain time, by unlawfully violating the provisions of the same. It will be seen, that the complaint fails to state the acts done, or omitted to be done, by the appellee, which amounted to a violation of the section of the ordinance. In fact, nothing is stated but a conclusion, drawn from facts which are not set out. It is very clear, we think, that appellant's complaint in this case is wholly insufficient. It does not contain a statement of the grounds of appellant's

complaint, as required by the 35th section of the justice's act, *supra*. Appellant's counsel insists, however, that the complaint in this action is fully justified, and contains all that is required by the language before cited from the 19th section of the general law for the incorporation of cities, *supra*. In this position, we think that appellant's counsel is mistaken. In regard to the construction of statutes, Blackstone lays down this rule: "There are three points to be considered in the construction of all remedial statutes; the old law, the mischief, and the remedy." 1 Bl. Com., Cooley's ed., p. 87. If we apply this rule to the language cited from the 19th section of the general law for the incorporation of cities, *supra*, the legislative intent will be readily seen.

Prior to the enactment of the present general law for the incorporation of cities, approved March, 14th, 1867, in the case of *Green* v. *The City of Indianapolis*, 25 Ind. 490, it was held by this court, that a complaint for a violation of a city ordinance should set out the section or sections of the ordinance, which are alleged to have been violated. This requirement was found to be burthensome in practice and to be, perhaps, somewhat unnecessary. Therefore, to remedy this evil, when the present general law for the incorporation of cities was enacted, it was provided, as before set out, in said 19th section, that it should "not be necessary to file with the affidavit or complaint a copy of the ordinance, or section thereof, charged to have been violated, but it shall be sufficient to recite in the affidavit or complaint the number of the section charged to have been violated, with the date of its adoption." By this enactment, the requirement of this court, in the case last cited, was set aside; and, in lieu thereof, it was provided, that the mere recital of the number of the section, and the date of its adoption, instead of the filing of a copy of the section, should be sufficient. It certainly was not intended, by this enactment, to do aught more than to dispense with the necessity for filing a copy

of the section or sections, charged to have been violated. In no other particular does the statute prescribe what the complaint, in such cases, shall or shall not contain. And it follows, that in other particulars it must contain, under the requirements of the 35th section of the justices' act, *supra*, a statement of the grounds of the complaint. It seems to us, that in such cases, where the process issued is a warrant for the seizure of the defendant's person, the affidavit or verified complaint should state briefly, but clearly, the acts done or omitted to be done by the defendant, in violation of the section of the ordinance recited by its number in such affidavit or complaint. Then, the mayor or city judge could see whether or not the acts charged were in violation of the section of the ordinance; and then, too, the defendant could readily see, from the affidavit or verified complaint, what acts of commission or omission withal he was charged with.

Appellant's counsel has referred us, in support of the complaint in this action, to two cases heretofore decided by this court, namely the case of the *City of Goshen* v. *Croxton*, 34 Ind. 239, and the case of *Whitson* v. *The City of Franklin*, 34 Ind. 392. But an examination of these two cases will show, that the point we are now considering was not involved in either of them. In each of the cases referred to, the complaint contained a full and clear statement of the acts alleged to have been done by the defendant, in violation of the section recited by number of the city ordinance.

In the case at bar, our conclusion is, that appellant's complaint was insufficient, and hence that the court below committed no error in sustaining appellee's motion to dismiss the action.

The judgment of the court below is affirmed, at the costs of the appellant.