THE CITY OF HUNTINGTON v. CHEESBRO.

CITIES AND TOWNS.—*Ordinance.*—*Pedler.*—Under the provisions of specification 23 of section 53 of the act of March 14th, 1867, (1 R. S. 1876, p. 267,) for the incorporation of cities, a city of this State, organized under such act, has the power to adopt an ordinance restraining any person from peddling within her limits without having a license so to do, and prescribing a punishment for its violation.

SAME.—*Constitutional Law.*—Such ordinance violates no provision of either the state or federal Constitution.

SAME.—*Action for Violating.*—*Pleading.*—A complaint for a violation of a city ordinance need not set out a copy thereof, it being sufficient to refer therein to the number of the section of the ordinance alleged to have been violated.

From the Huntington Circuit Court.

*B. F. Ibach*, for appellant.

WORDEN, J.—This was an action by the City of Huntington, against the appellee, brought before the mayor of Huntington, and appealed to the circuit court. In the latter court, the defendant moved to dismiss the cause on the ground, that the affidavit or complaint did not state facts sufficient, and that the ordinance on which it was founded was unconstitutional and void. This motion was

sustained, and the action dismissed, and the appellant excepted.

The complaint was as follows, after entitling the cause : "The City of Huntington complains of the said defendant Wilson Cheesbro, late of said city, and says, that the said defendant, on the 9th day of October, 1875, at the city and county aforesaid, did then and there violate section 4 of chapter 6 of an ordinance of said city, passed by the common council thereof on the 17th day of December, 1873, by unlawfully following the occupation of a pedler, with a wagon, in the city limits, without a license so to do, as provided in section 2 of said chapter 6; wherefore the plaintiff demands judgment [for] one hundred dollars as provided in section 4 of said chapter.

This complaint was duly signed by the city attorney, and properly verified.

We are unable to see any objection to the complaint. We may observe that we have no brief for the appellee, the counsel appearing for him on the submission of the cause having withdrawn their appearance.

We may consider the grounds stated in the motion to dismiss, which were, as we have seen, that the complaint did not state facts sufficient to constitute a cause of action, and that the ordinance on which it was founded was unconstitutional.

The latter ground is probably embraced in the former; for, if the ordinance is unconstitutional, a complaint for its violation could hardly state facts sufficient to constitute a cause of action. The complaint was not defective, because a copy of the ordinance charged to have been violated was not set out. The statute provides, that "it shall not be necessary to file with the affidavit or complaint, a copy of the ordinance, or section thereof, charged to have been violated, but it shall be sufficient to recite in the affidavit or complaint the number of the section charged to have been violated, with the date of its adoption." 1 R. S. 1876, p. 273, sec. 19.

The complaint alleges the manner in which the ordinance was violated, viz.: "by unlawfully following the occupation of a pedler, with a wagon, in the city limits, without a license so to do, as provided in section 2," etc. In this the complaint differs from that in the case of *The City of Huntington* v. *Pease*, 56 Ind. 305.

The city had power to pass an ordinance requiring a license for peddling in the city. The common council had power "to restrain hawking and peddling." Specification 23, sec. 53, of the act for the incorporation of cities, 1 R. S. 1876, p. 267. The power to restrain carries with it the power to license. *Smith* v. *The City of Madison*, 7 Ind. 86.

We are not aware that such an ordinance violates any provision of the state or federal constitution.

We are of opinion that the complaint was good, and that the court erred in dismissing the action.

The judgment is reversed, with costs, and the cause remanded, for further proceedings.