## THE CITY OF GOSHEN *v.* CRARY.

CITY.—*Penal Ordinance.*—*Injuring Property.*—*Action Against Owner of Animal.*—A penal ordinance of a city, providing a punishment for wantonly injuring, or causing to be injured, " any private or public property, or shade or ornamental trees," etc., does not authorize the city to maintain an action against the owner of a domestic animal which has voluntarily injured any such tree.

SAME.—*Power of City.*—*Action.*—An ordinance of a city, giving to herself an action for an injury to private property, is invalid.

SAME.—*Practice.*—*Amendment.*—Where, in an action by a city for a violation of an ordinance, neither the original nor the amended complaint con-

tains a cause of action against the defendant, it is not error to refuse leave to file such amended complaint.

SAME.—*Motion to Dismiss.*—*Demurrer.*—On appeal to the circuit court, from the mayor of a city, in a prosecution by the latter for a violation of an ordinance, a motion by the defendant to dismiss the prosecution, for want of a sufficient cause of action, is proper, and is equivalent to a demurrer for insufficiency of facts.

From the Elkhart Circuit Court.

*R M. Johnson* and *J. D. Osborn,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

BIDDLE, C. J.—It appears, that "The City of Goshen" heretofore passed an ordinance, sections 28 and 55 of which were as follows:

"Sec. 28. It shall be unlawful for any person wantonly to injure, or cause to be injured, any private or public property, or shade or ornamental trees, or the box or protection around the same, planted in any street or public ground of said city.

"Sec. 55. Any person who shall violate any of the provisions of this ordinance, or any section thereof, or who shall fail or refuse to comply with any or either of the requirements thereof, shall, on conviction thereof before the mayor, or justice acting as mayor, be fined in any sum not greater than one hundred dollars, to which may be added imprisonment in the county jail not exceeding thirty days; and stand committed until such fine and costs are paid or replevied."

The appellant filed her complaint before the mayor, under these sections of her ordinance, charging appellee as follows:

"That, on the 20th day of September, A. D. 1875, he violated said sections of said ordinance, in this, to wit: That, on said day first named above, within the corporate limits of said city, in said county and State, said defendant did unlawfully and wantonly injure, and cause to be injured, three maple trees, the same being then and there shade and ornamental trees belonging to John R. Cob-

lentz, and by him planted in front of his dwelling-house on Third street in said city, by then and there permitting his cow, a beast of the cattle kind, to break down and destroy said shade and ornamental trees, he, the said defendant, knowing said cow to be, and she then and there being, unruly and breachy, and accustomed to injure and destroy and break down ornamental and shade trees of the kind described herein, and with said knowledge allowing said beast to run at large in said city, contrary to the peace and dignity of said city, and in violation of the ordinances thereof.

"Wherefore the plaintiff prays judgment against said defendant in the sum of one hundred dollars' fine, together with costs; and that the defendant be committed, and stand committed, until said fine and costs be paid or replevied, and for all other proper relief."

This complaint was sworn to; a warrant was issued on its authority; the appellee was arrested, tried, convicted and fined before the mayor of the city. The appellee appealed to the circuit court, wherein he moved to dismiss the prosecution for want of a sufficient cause of action. During the pendency of this motion, the appellant asked leave to file an amended complaint, which leave was denied, and exception reserved. The court then sustained the appellee's motion, and dismissed the case. To this ruling exceptions were also reserved.

We do not discover any error in these rulings. Neither the original complaint nor the amended complaint, which the appellant asked leave to file, constituted any ground for a cause of action in favor of the city of Goshen. A man can not be held liable criminally, for a trespass committed by his cow voluntarily. The cow, not being a moral agent, was incapable of acting upon the motive necessary to constitute the offence under the ordinance. Even if the cow had been a human being, to make the defendant guilty of the act charged, he not having him-

self committed it, he must have acted with the cow in a common purpose to do the act, or have directed, counselled, or agreed to the doing of the act before it was done.

But the appellant says, that " the case at bar is a civil suit," and, being a civil suit, the only way to test the sufficiency of the complaint was by a demurrer.   In cases appealed from a mayor or justice's court, a motion to dismiss the case for the want of a sufficient cause of action has the same effect as a demurrer.   This practice has been settled repeatedly.   Besides, if we were to hold the prosecution to be a civil action, the ordinance would not, nor do we know any law that would, authorize the city of Goshen, to maintain a civil action for an injury to the private property of one of her citizens.

We find no error in the record.

The judgment is affirmed, with costs.