## The City of Goshen *v.* Kern.

CITY.—*Complaint for Violation of Ordinance.*—A complaint for a violation of a city ordinance need not set out such ordinance either in substance or by copy, it being sufficient to describe the same by its section, number and date of adoption.

SAME.—*Powers of Common Council.—Licensing Auctioneers.*—Under clause 38, section 53, of the general law for the incorporation of cities, 1 R. S. 1876, p. 293, the common council of a city incorporated under such act has the power to adopt a penal ordinance, requiring an auctioneer to procure a license from the city.

SAME.—*Police Regulation.*—The power thus given to the common council is in the nature of a police regulation.

SAME.—*Auctioneer Defined.*—A person who sells his own goods, as well as one who sells the goods of another, at public auction, is an auctioneer within the meaning of the statute.

PLEADING.—*Uncertainty.*—*Demurrer.*—*Practice.*—Uncertainty in a pleading which states sufficient facts can be reached only by a motion to make certain and not by demurrer.

SAME.—*Justice of the Peace.*—A complaint before a justice of the peace, which states facts sufficient to inform the defendant of the nature of the action and to authorize a judgment which will bar another action for the same cause, is sufficient.

From the Elkhart Circuit Court.

*R. M. Johnson, J. D. Osborn* and *E. G. Herr,* for appellant.

*J. A. S. Mitchell, H. D. Wilson* and *I. H. Simmons,* for appellee.

HOWK, C. J.—In this action, the appellant sued the appellee, before a justice of the peace of Elkhart county, to recover a penalty for an alleged violation of a certain section of a certain ordinance of said city of Goshen.

The trial of the cause before the justice resulted in a verdict and judgment in favor of the appellant, from which there was an appeal to the court below.

In the circuit court the appellee demurred to the appellant's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court, and to this decision the appellant excepted. Thereupon the appellant moved the court for leave to amend its complaint, which was granted " upon the plaintiff submitting to judgment being entered in favor of the defendant for all costs taxed herein to this date," November 5th, 1875.

The appellant objected and excepted to any judgment being rendered against it for costs, except the costs of that term of court, and moved the court for permission to amend its complaint without being subjected to a judgment for costs, except the costs of that term, which mo-

tion was overruled by the court, and to this ruling the appellant excepted.

On the appellee's motion, the court then rendered judgment in his favor, on his demurrer, for the costs of suit, from which judgment this appeal is now prosecuted.

The appellant has assigned, in this court, the following decisions of the circuit court, as errors :

1.  In sustaining the demurrer to its complaint ;

2.  In refusing to allow the appellant to amend its complaint upon paying the costs accrued in said cause at the term of court when the demurrer was sustained, and when the leave to amend was asked by the appellant; and,

3.  In refusing to allow the appellant to amend its complaint unless it submitted to a judgment against it, the appellant, for all the costs that had theretofore accrued in the said cause.

We will consider these alleged errors, and decide the questions thereby presented, in their enumerated order.

1.  In its complaint, the appellant alleged, in substance, that, on the 4th day of September, 1875, the appellee violated section 3 of ordinance No. 21, duly enacted and adopted on the 21st day of December, 1874, by the common council of said city of Goshen, duly incorporated under the general law of this State for the incorporation of cities, in this, to wit : That on said first named day, within the corporate limits of said city, the appellee did unlawfully exercise and perform the business of an auctioneer for the sale of goods, wares and merchandise, then and there belonging to, and in the possession of, the appellee, in the store-room occupied by him, in Thomas' block, on the east side of Main street, in said city, the said goods, wares and merchandise consisting of dry goods, notions, boots and shoes, and such other articles of personal property as were usually contained in a general retail dry-goods store; he, the appellee, being then and there neither an executor, ad-

ministrator, or other officer of any court of law of this State, and said articles, so sold by him at auction as aforesaid, not being of the growth or manufacture of any citizen of Elkhart county, nor horses, cattle, hogs, sheep or other live-stock, nor farming utensils owned and manufactured by any citizen of said county, and the appellee not being then and there licensed thereunto, as such auctioneer, by the corporate authorities of said city, as by the ordinance of said city in such case made and provided, " and against the peace and dignity of said city." Wherefore the appellant prayed judgment against the appellee for one hundred dollars penalty, etc.

The controlling question in this case, as we understand it, may be thus stated :

Have the common council of a city incorporated under the general law of this State the power to regulate the sales of, and exact a license fee from, any one as an auctioneer, whose sales at auction are confined exclusively to sales of his own " goods, wares and merchandise ? "

In the thirty-eighth clause of section 53 of the general law of this State providing for the incorporation of cities, it is provided, that " The common council shall have the power to enforce ordinances :  *  *  *  *  *

" Thirty-Eighth. To regulate the sale of all kinds of property at auction in the streets, stores, shops, or elsewhere in the city, and to license auctioneers, and require them to pay a reasonable per cent. on the amount of sales." 1 R. S. 1876, p. 293.

Under this statutory power, the common council of the city of Goshen adopted section 3 of an ordinance No. 21, mentioned in the appellant's complaint, in which section it is ordained, that " Any person who shall exercise, within said city, the business of an auctioneer for any period of time, for the sale of goods, wares and merchandise, without having first obtained license, as provided

hereinbefore, shall be fined in any sum not less than ten dollars nor more than fifty dollars, for each and every day, or fractional part thereof, he may so exercise said business." This section of said ordinance contained a proviso, which is not material to any question in this case, and need not be further noticed.

It is claimed by the appellee's attorneys, in their brief of this cause in this court, that the appellant's complaint is " fatally defective, for two reasons:

    " 1st.    For what it fails to say ; and,

    " 2d.    For what it does state."

Under the first of these reasons the appellee's counsel say, that the complaint is defective, because the appellant failed to set out therein either the ordinance or the section or the substance of the section, claimed to have been violated by the appellee. In this respect the complaint was sufficient ; it gave " the number of the section charged to have been violated, with the date of its adoption," and that was a compliance with the requirements of the statute. 1 R. S. 1876, pp. 273, 274, sec. 19 ; *The City of Huntington* v. *Pease,* 56 Ind. 305 ; and *The City of Huntington* v *Cheesbro,* 57 Ind. 74.

It is further objected to the complaint, that it " states the pleader's conclusions, not his facts. It charges the defendant with violating an ordinance by exercising and performing the business of an auctioneer within said city, but states no fact or facts." It seems to us, that the complaint is not open to this objection ; for, if the appellee performed the business of an auctioneer, he sold property by auction, and that fact is clearly charged. The charge would have been more specific, perhaps, if the complaint had stated the name of the person to whom the appellee sold the property. But, if the complaint were defective for the want of such a statement, the defect is one which could not be reached by a demurrer for the want of facts, but

only by a motion to make the complaint more specific. *Reynolds* v. *The State, ex rel. Titus,* 61 Ind. 392.

It is earnestly insisted by the appellee's counsel, that the appellant's complaint was bad on the demurrer thereto, because it was alleged in the complaint, that the goods, wares and merchandise, for the sale of which the appellee was charged with performing " the business of an auctioneer," were " then and there belonging to, and in the possession of, the defendant," the appellee. Upon this point, the argument of counsel is founded upon one of the definitions of the word " auctioneer," in Bouvier's Law Dictionary, as follows : " A person authorized by law to sell the goods of others at public sale." If the term " auctioneer" had no other meaning than the limited one thus given it, the argument of counsel would be, perhaps, well founded ; but Bouvier also defines an auctioneer as " One who conducts a public sale or auction." In Burrill's Law Dictionary, an auctioneer is defined as " one who conducts an auction or public sale ;" and again, as "A person who is authorized to sell goods or merchandise at public auction or sale, for a recompense, or (as it is commonly called) a commission." In Wharton's Law Dictionary, auctioneers are defined to be " licensed agents appointed to sell property and to conduct sales or auctions." In Webster's Dictionary, the meaning of the word " auctioneer " is thus given : " A person who sells by auction ; a person who disposes of goods or lands by public sale to the highest bidder." In Worcester's Dictionary, the word " auctioneer " is defined as follows : " One whose business it is to offer property for sale by auction ; one who invites bids at a sale by auction."

It will be seen by these various definitions of the word " auctioneer," by the best lexicographers, legal and otherwise, of our language, that it, as ordinarily used, has no such limited and confined meaning as the appellee's counsel have sought to give it. In the first rule prescribed by law

in this State for the construction of statutes, it is provided, that " Words and phrases shall be taken in their plain, or ordinary, and usual sense." 2 R. S. 1876, p. 315, sec. 1. Under the allegations of the appellant's complaint, the appellee was an auctioneer, within the plain, ordinary and usual sense of that term, as used in the 38th clause of section 53 of the general law of this State for the incorporation of cities, *supra,* and in section 3 of said ordinance No. 21, adopted by the common council of said city of Goshen. The statute gives the common council the power to regulate, to prescribe rules for the government of, sales by auction within the city limits, and to require the auctioneer to procure a license for such sales; and the ownership of the property to be sold will not, and does not, in our opinion, affect, impair or prevent the exercise of these powers in any respect. The power given is in the nature of a police regulation, and it applies to all sales by auction, as well to those where the auctioneer sells his own property as to those where he sells the property of other persons. Under the power given by the statute, the appellant's common council adopted section 3 of said ordinance No. 21, which section made it penal for any person to exercise, within said city, the business of an auctioneer without first having obtained the proper license so to do from the appellant's corporate authorities.

In the appellant's complaint, the appellee was charged with a violation of said section 3, and, while the averments of the complaint were not so full and explicit as they might have been, yet we think they were sufficient to withstand the appellee's demurrer.

The suit, as we have seen, was commenced before a justice of the peace; and, in such a case, the complaint will be sufficient on demurrer for the want of facts, if it will inform the defendant of the nature of the plaintiff's cause of action, and be so explicit that a judgment in the suit may be used as a bar to another action for the same cause.

This is the settled law of this State; and, applying it to the case at bar, we are clearly of the opinion, that the appellant's complaint fully informed the appellee of the nature of the appellant's cause of action, and was so explicit that a judgment in this suit would constitute a complete bar to another action for the same cause. *Powell* v. *DeHart*, 55 Ind. 94; *The United States Express Co.* v. *Keefer*, 59 Ind. 263; and *Hewett* v. *Jenkins*, 60 Ind. 110.

For the reasons given, we think that the court erred in sustaining the appellee's demurrer to the appellant's complaint

Having reached the conclusion that the appellant's complaint in this case stated facts sufficient to constitute a cause of action against the appellee, it is unnecessary for us to consider and determine the questions presented for decision by the other alleged errors. For, as we hold that the complaint is good on the demurrer thereto, the appellant will not be required to amend it, either on the terms prescribed by the court, or on the terms asked for by the appellant.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule his demurrer to the appellant's complaint, and for further proceedings.