No. 9988.

LIPPMAN v. THE CITY OF SOUTH BEND.

NUISANCE.—*Violation of City Ordinance.*—*Complaint.*—*Arrest of Judgment.*— A complaint for violation of a city ordinance forbidding the maintenance of public nuisances, alleging that the defendant "kept a large quantity of hides, tallow and other substances which emitted a disagreeable odor," does not show sufficient facts, and is bad on motion in arrest of judgment.

From the St. Joseph Circuit Court.

*L. G. Long, G. R. Chaney* and *W. G. George,* for appellant.
*J. Hagerty* and *A. Anderson,* for appellee.

BLACK, C.—This cause was brought by the appellee against the appellant, before the mayor of said city, to recover a penalty for a violation of an ordinance of said city.

The verified complaint, omitting its title and the annexed affidavit, was as follows:

"The city of South Bend, Indiana, complains of Leibman Lippman, and says that the defendant, on the 21st day of July, 1881, at the city and county aforesaid, and for a long time prior thereto, to wit, from April 1st, 1881, to said 21st day of July, 1881, violated section No. 5 of ordinance No. 457 of said city, passed by the common council thereof on the 21st day of May, 1877, by maintaining a nuisance within the limits of said city, in this, that said defendant kept a large quantity of hides, tallow and other substances, which emitted a disagreeable odor. Wherefore," etc.

Upon trial before the mayor, the appellant was found guilty and judgment was rendered against him for the sum of $10

and costs. From this judgment he appealed, and in the circuit court he moved to dismiss the cause. This motion was overruled. There was a trial by jury, which resulted in a verdict against the appellant for the sum of $5.

Appellant filed a motion for a new trial, which was overruled. He then moved in arrest of judgment. This motion having been overruled, judgment was rendered on the verdict, a motion made by appellant to tax the costs to appellee being overruled.

Appellant has assigned as errors the overruling of his said motions, first, to dismiss the cause; second, for a new trial; third, in arrest of judgment; fourth, to tax the costs.

The ruling upon the motion to dismiss the cause can not be examined, because the grounds of the motion are not shown by bill of exceptions or order of the court. Sec. 559, Code of 1852; *Orr* v. *Worden*, 10 Ind. 553; *Alspaugh* v. *Ben Franklin Draining Ass'n*, 51 Ind. 271; *Scotten* v. *Divilbiss*, 60 Ind. 37.

The motion to tax the costs can not be considered for the same reason. *Urton* v. *Luckey*, 17 Ind. 213.

If we find that the motion in arrest should have been sustained, it will not be necessary to examine the questions presented by the motion for a new trial.

It being presumed, nothing to the contrary appearing, that the city was incorporated under the general law for the incorporation of cities, it was not necessary to file with the complaint a copy of the ordinance or section thereof charged to have been violated, the reference to the section by its number, with the statement of the date of its adoption, being sufficient in this regard. *City of Huntington* v. *Pease*, 56 Ind. 305; *City of Goshen* v. *Kern*, 63 Ind. 468.

But it was necessary that the grounds of complaint, the facts supposed to constitute a violation of the ordinance, that is to say, the acts done or omitted by the appellant, should be stated with as much certainty as would be required in pleading in an action commenced before a justice of the peace. *City of Huntington* v. *Pease, supra.*

Brevity and simplicity are not faults in a complaint in an action originating before a justice, and mere want of formality could not be reached by a motion in arrest; but the complaint must state facts sufficient to constitute a cause of action, and if the statement of facts be not sufficient to inform the defendant of the nature of the plaintiff's cause of action, and so explicit that a judgment recovered under such complaint would bar another action for the same cause, a motion in arrest will lie. *McMillen* v. *Terrell,* 23 Ind. 163; *Murphy* v. *Lambert,* 59 Ind. 477.

Nuisances are of two kinds, public and private. An action for a private nuisance could not be maintained by a city as for a violation of its ordinance. See *City of Goshen* v. *Crary,* 58 Ind. 268.

It was not sufficient to say that the appellant violated the ordinance "by maintaining a nuisance within the limits of said city." To stop here would have been to state a conclusion of law. In specifying the acts of the appellant the appellee limited herself to proof "that said defendant kept a large quantity of hides, tallow, and other substances which emitted a disagreeable odor."

Not only did this statement fail to apprise the appellant whether he was to answer for a public or a private nuisance, but the facts stated would not constitute a nuisance, either public or private.

It would not be a nuisance for the appellant to keep within the city limits that which emitted a disagreeable odor merely because it offended his own sense of smell.

It may not be necessary that an odor should be unwholesome in order that the person who causes it to exist may be guilty of maintaining a nuisance; it may be sufficient if it prevent the comfortable enjoyment by others of life and property. But it must, at least, be offensive or disagreeable to some person other than the defendant, to constitute a nuisance of any kind, and to some portion of the community as

such, to constitute an offence punishable by such a proceeding as this.

The city could not by any ordinance, whatever its provisions, recover a penalty of an individual for keeping within the city limits articles of property, which otherwise might be lawfully owned and kept, merely because they emitted a disagreeable odor.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, and that the cause be remanded, with instructions to sustain the motion in arrest.