No. 14,648.

MCLAUGHLIN v. THE CITY OF SOUTH BEND.

INTERSTATE COMMERCE. — *Municipal Corporation.* — *Ordinance Requiring License Fee.*—*Invalidity of.*—An ordinance which prohibits any travelling merchant, or pedler, from selling, or offering to sell, any merchandise without having obtained a license, can not be enforced against one who makes negotiations for the sale of property situated and owned in another State. An ordinance requiring a license fee from agents representing citizens of another State, who offer goods not in this State for sale by sample, is void, because it assumes to establish a regulation affecting commerce between the States.

From the Saint Joseph Circuit Court.

*L. Hubbard,* for appellant.

*T. E. Howard,* for appellee.

ELLIOTT, J.—The city of South Bend recovered a judgment against the appellant for a penalty imposed by an or-dinance enacted by its common council, and from that judgment this appeal is prosecuted.

The ordinance prohibits any travelling merchant, or ped-dler, from selling, or offering to sell, any merchandise without having obtained a license. The evidence proves that the appellant went from house to house, within the city of South Bend, soliciting orders for a book, to be delivered at a future time, and that he solicited orders from persons who were not dealers in books. The books for which he solicited orders were in the city of Chicago, Illinois, and in the city of New York, and he was the agent of the publishers, who were citizens of New York, and there engaged in business. His mode of doing business was to procure an order for a book and transmit it to a branch house of the publishers in Chicago, where the order was filled by sending the book ordered to the appellant, by whom it was delivered to the purchaser. The appellant carried with him, and exhibited to those from whom he solicited orders, a copy of the book, but the copy he carried was used as a sample, and was not offered for sale.

The decisions of the Supreme Court of the United States declare that an ordinance requiring a license fee from agents representing citizens of another State, who offer goods not in this State for sale by sample, is void, because it assumes to establish a regulation affecting commerce between the States. *McCall* v. *California*, 136 U. S. 104; *Stoutenbugh* v. *Hennick*, 129 U. S. 141; *Asher* v. *Texas*, 128 U. S. 129; *Robbins* v. *Shelby County Taxing District*, 120 U. S. 489. The question is a Federal one, and we must yield to the decisions of the Federal Supreme Court, although they in part overthrow our decision in *Graffty* v. *City of Rushville*, 107 Ind. 502. The question is not whether the appellant was, or was not, a peddler within the meaning of the ordinance, but the question is whether the ordinance itself is valid under the provisions of the Federal Constitution respecting commerce between the States.

If the goods offered for sale had been in this State at the time of the sale, although there was no delivery to the purchaser at that time, the Federal decisions would not, as we believe, rule the case; but the goods were not in this State when the sale was made, nor were they to be brought into it until a contract of sale had been made. The negotiations concerned goods in another State, there owned and held for sale, and such negotiations must be regarded as affecting interstate commerce, and, thus regarded, it must be held that they can neither be prohibited nor regulated by the State or its municipalities. There was no sale of goods within this State, nor was there a sale of goods by one citizen of this State to another citizen of the State; the negotiations concerned goods not within the State, and were conducted between our citizens and citizens of a sister State, so that if the transaction was one of commerce it concerned interstate, and not domestic commerce. In the case of *Wrought Iron, etc., Co.* v. *Johnson*, 84 Ga. 754, the force of the Federal decisions was recognized, not, indeed, without reluctance, and the principle they assert applied to a case essentially the

same as the one before us for judgment. This doctrine is not denied by the decision in the case of *Com.* v. *Gardner,* 133 Pa. St. 284, for there, as it seems from the statement of facts, the goods offered for sale were carried from door to door.

The inferior Federal tribunals give full and wide effect to the decisions of the court of last resort. In one case the distinction which we have indicated was made between cases where goods without the State are offered for sale and those where they are within the State, and it was said: "A tax on the sale of such goods before they are brought into the State is a tax on interstate commerce itself; and a license or privilege tax for negotiating the sale in one State of goods in another is, in effect, a tax on the goods sold, and a State can not levy a tax on goods not within her jurisdiction." *Hynes* v. *Briggs,* 41 Fed. Rep. 468.

The facts in *In re Kimmel,* 41 Fed. Rep. 775, were substantially the same as those of this case, and it was held that the municipal ordinance was void, because it assumed to regulate matters of interstate commerce. In other cases the same general doctrine is asserted and enforced. *Baird* v. *St. Louis, etc., R. W. Co.,* 41 Fed. Rep. 492; *In re Rebman,* 41 Fed. Rep. 867; *Stockton* v. *Baltimore, etc., R. R. Co.,* 32 Fed. Rep. 9; *Swift* v. *Sutphin,* 39 Fed. Rep. 631.

The current of opinion in the Federal Courts runs far in the direction of the utter annihilation of State power in matters bearing upon commerce between the States, and, although there may be some police power remaining in the States, enabling them to legislate concerning matters of interstate commerce, its nature is very shadowy, and its extent narrowly circumscribed. Such cases as *Powell* v. *Pennsylvania,* 127 U. S. 678, do, indeed, recognize the existence of that power in the State, but such cases as *Leisy* v. *Hardin,* 135 U. S. 100, overruling, as they do, the long respected case of *Peirce* v. *New Hampshire,* 5 How. 554, leave the boundaries and extent of that power inexact and uncertain. But

· whatever there may be of confusion and uncertainty regarding the police power of the State in cases of a type different from this, there is here neither confusion nor uncertainty, for the rule established by the decisions of the Federal tribunals makes it clear and certain that the ordinance here involved can not be enforced against one who makes negotiations for the sale of property situated and owned in another State.

