Filed Dec. 19, 1891.

---

## No. 15,336.

## MARTIN v. THE TOWN OF ROSEDALE.

TOWN.—*Peddler's·License.*—*Ordinance Requiring.*—*Sale by Sample of Foreign Goods.*—*Interstate Commerce.*—An ordinance of a town of this State requiring all travelling peddlers of goods to take out a license is not void on the assumption that it applies only to non-residents of such town, for it equally applies to citizens thereof; but it is void as to residents of other States who are engaged in selling goods located in such other States, even though the sale is only by sample, on the ground that it is an interference with interstate commerce.

From the Parke Circuit Court.

*D. H. Maxwell* and *H. Maxwell*, for appellant.

*E. Hunt*, for appellee.

COFFEY, J.—Section 826, Elliott's Supplement, confers upon incorporated towns in this State the power to license, regulate or restrain the business of travelling peddlers. Under the power thus conferred the town of Rosedale, in Parke county, duly passed an ordinance making it unlawful for any travelling peddler to ply his avocation within the corporate limits of the town, without first procuring a license so to do, and fixing a penalty for its violation.

In the month of February, 1889, the appellant, who is a resident of the State of Illinois, without having first procured a license, was found selling goods, by sample, in the town of Rosedale, and travelling from house to house for that purpose. He was the agent of Loverin & Co., of the city of Chicago, and the samples exhibited by him belonged to that company. The goods sold by the appellant were to be delivered by the company, the appellant acting as their agent in soliciting and taking orders.

He was prosecuted for violating this ordinance, and was convicted, from which conviction he appeals to this court, calling in question the validity of both the ordinance and the statute under which it was passed.

It is contended that the ordinance in question discriminates in favor of citizens of the town of Rosedale and against those who do not reside in the town, and is for that reason void. The contention is based upon the assumption that one who resides in the town and peddles goods therein from house to house is not a travelling peddler, and in this respect may enjoy a privilege under this ordinance not enjoyed by one who does not reside in the town.

This involves the construction of the ordinance before us. The object to be attained in construing a statute or ordinance is to ascertain, if possible, the intention of those who enacted it. For that purpose the court should first ascertain, if it can do so, the evil intended to be remedied or prevented, and should so construe the statute or ordinance, if it

is susceptible of such construction, as to render it effectual for the purpose intended.

In the case of *Graffty* v. *City of Rushville*, 107 Ind. 502, it was said by this court that one of the objects sought to be attained by statutes and ordinances of the kind now under consideration was to prevent the indiscriminate invasion of the houses and places of business of citizens, and shield them from the practices of itinerant traders of unknown repute, who are frequently patronized by persons in order to be rid of their importunities and presence.

It is impossible to conceive of a " peddler," in the ordinary acceptation of that term, disconnected from the idea of " travelling " from house to house for the purpose of vending some article of merchandise. " The leading primary idea of a hawker and peddler is, that of an itinerant or travelling trader, who carries goods about, in order to sell them, and who actually sells them to purchasers, in contradistinction to a trader who has goods for sale and sells them in a fixed place of business."

"A peddler, petty chapman, or other trading person going from town to town or to other men's houses, and travelling either on foot, or with horse or horses, or otherwise carrying to sell, or exposing to sale, any goods, wares, or merchandise." *Graffty* v. *City of Rushville, supra; Commonwealth* v. *Ober,* 12 Cush. 493; Rapalje and Lawrence Law Dictionary, Tit. " Hawker."

As it was the purpose of the ordinance under consideration to prevent or to restrain the indiscriminate invasion of the houses and places of business of the citizens of Rosedale, and to shield them from the practices of itinerant traders and the annoyances incident thereto, we think the term " travelling peddler " was intended by those who passed the ordinance in question to apply to all who travelled from house to house in the town for the purpose of vending merchandise, without regard to their place of residence. To all such

persons, whether they reside in the town or elsewhere, we think the ordinance applies.

It is not, therefore, subject to the objection that it discriminates in favor of the citizens of Rosedale and against those residing in some other locality.

The appellant was a travelling peddler within the meaning of the ordinance.

That the regulation of the business of a peddler is a proper matter for the exercise of the police power is not now open to question in this State. The State, having the power to regulate, may delegate its power to municipalities. In the case of *City of Huntington* v. *Cheesbro,* 57 Ind. 74, it was said by this court: " The city had power to pass an ordinance requiring a license for peddling in the city. * * * We are not aware that such an ordinance violates any provision of the State or Federal constitution."

So in the case of *Graffty* v. *City of Rushville, supra,* it was said : " On the other hand, where by the terms of a law or ordinance regulating the sale of goods by hawkers or peddlers, the privilege is equally open to all upon the same terms, and the license fees imposed for the privilege are the same regardless of the State or district wherein the goods are manufactured or produced, such law or ordinance is a legitimate exercise of power, and will be upheld."

Under these authorities we are constrained to hold that the ordinance in question, when applied to the citizens of the State or to merchandise in the State at the time of sale, is valid.

It is contended, however, that the ordinance, when applied to merchandise not in the State, owned by citizens of another State, and sold in this State by sample, is an interference with interstate commerce, and, as to such merchandise, is void.

The case of *McLaughlin* v. *City of South Bend,* 126 Ind. 471, is decisive of the question here involved.

In that case it was said : " The negotiations concerned

goods in another State, there owned and held for sale, and such negotiations must be regarded as affecting interstate commerce, and, thus regarded, it must be held that they can neither be prohibited nor regulated by the State or its municipalities."

In this case the appellant was a citizen of another State, representing merchants in the State of Illinois, whose goods were located in the city of Chicago, and for these reasons the case falls clearly within the rule laid down in the case cited, and the decisions of the Supreme Court of the United States upon which it rests. It follows that the ordinance under consideration can not be made to apply to him under the facts above stated.

Judgment reversed, with directions to the circuit court to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed Dec. 18, 1891.