IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1916, MAY TERM, 1917, AND NOVEMBER TERM, 1917, IN THE ONE HUNDRED AND FIRST YEAR OF THE STATE.

---

CITY OF RUSHVILLE *v*. HEYNEMAN.

[No. 23,000. Filed January 2, 1917.]

COMMERCE.—*Interstate Commerce.*—*Soliciting Orders for Sale of Goods Located in a Foreign State.*—*Municipal Ordinance.*— Where defendant, a resident of another state, took orders within the corporate limits of appellant city for men's clothing, by sample, for future delivery by his employer, a firm located in Ohio, such defendant was not liable to the penalty fixed for violation of the peddler's ordinance of the city, as the transaction was one governed by the laws of interstate commerce, since the merchandise, at the time of the sale, had not come into Indiana but was to be subsequently delivered from another state.

From Rush Circuit Court; *Will M. Sparks*, Judge.

Action by the City of Rushville against Louis Heyneman. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John H. Kiplinger* and *Donald L. Smith*, for appellant.
*George W. Young* and *James V. Young*, for appellee.

ERWIN, J.—This was an action by appellant against appellee to recover a penalty on a charge of violating the peddler's ordinance of appellant city. The ordinance provides:

"That every person who peddles, hawks, sells or exhibits for sale any goods, books, pictures, wares or merchandise of any kind, or who shall so list or take orders for any such goods, books, pictures, wares or merchandise of any kind, for immediate or future delivery about the streets, alleys, hotels, business houses, private dwellings or any public or private places in said city without first having paid the Marshal of said city two ($2.00) to six ($6.00) dollars for each day;  *  *  *  at the discretion of said Marshal, and receiving a permit therefor from the Mayor of said city, shall upon conviction thereof, forfeit and pay to said city any sum not exceeding ten ($10.00) dollars for each day such person shall continue such business without a permit as herein provided."

Appellee answered appellant's complaint in three paragraphs. Trial upon the issues was had by the court, without the intervention of a jury, resulting in a judgment for appellee. Appellant filed its motion for a new trial assigning as causes therefor that the decision of the court (1) is not sustained by sufficient evidence; (2) that it is contrary to law; and (3) that it is contrary to the law and the evidence.

The error assigned here is the overruling of appellant's motion for a new trial. The sole question presented is, Is appellant's ordinance as applied to the facts in this case an interference with interstate commerce?

The facts here are, in substance, that on February 23, 1915, appellee was a resident of Cincinnati, Ohio; that he was taking orders, by sample, within the corporate limits of the appellant city for men's clothing, for future delivery, without having paid for the privilege, or without having received a license as provided by the ordinance; that he was about the streets, alleys, hotels and business houses and private dwellings of appellant city; and that he peddled and exhibited for sale by sample, and sold to one Carl Foust certain

merchandise for future delivery by appellee's employer, Richman Brothers' Company, located at Cleveland, Ohio, by express, c. o. d., subject to inspection.

The merchandise here had not, at the time of the sale, come into this state; it had not been mingled with the mass of property within this state, and was not subject to inspection and delivery at the time of the sale, but was to be subsequently shipped and delivered from another state. Therefore the transaction was one governed by the interstate commerce laws of the federal government and was within the limits where the state and municipal authorities have no control. The court did not commit error in overruling appellant's motion for a new trial. *City of Huntington* v. *Mahan* (1895), 142 Ind. 695, 42 N. E. 463, 51 Am. St. 200; *City of Indianapolis* v. *Bieler* (1894), 138 Ind. 30, 36 N. E. 857; *Martin* v. *Town of Rosedale* (1891), 130 Ind. 109, 29 N. E. 410; *McLaughlin* v. *City of South Bend* (1891), 126 Ind. 471, 26 N. E. 185, 10 L. R. A. 357.

There being no reversible error, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 691. Interstate commerce: (a) state taxation of business of taking orders for foreign goods or services as attempted regulation of, 2 Ann. Cas. 701, 14 Ann. Cas. 865, Ann. Cas. 1916 B 496, 27 Am. St. 563; (b) state taxation on hawkers, peddlers, and persons soliciting orders by sample or otherwise, as a violation of the commerce clause, 19 L. R. A. (N. S.) 297, 28 L. R. A. (N. S.) 265 (specifically as to solicitation of orders by sample or otherwise as interstate commerce, Ann. Cas. 19 L. R. A. (N. S.) 304, 7 Cyc 416, 12 C. J. 28.