Nov. Term,
1858.

MILHOLLAND *v.* PENCE.

MILHOLLAND
v.
PENCE.

In a suit before a justice of the peace, the cause of action was stated thus: "*W. P.*, Dr. to *J. M.*, thirty dollars for one gun, obtained by fraud. *April* 14, 1857. [Signed] *J. M.*" *Held,* sufficient.

Touching the sufficiency of the complaint in a justice's Court, the rule is not changed by the code of 1852.

APPEAL from the *Warren* Court of Common Pleas.

*Friday,*
*December* 3.

DAVISON, J.—The appellant, who was the plaintiff, sued *Pence* before a justice of the peace. The following is the cause of action:

"*William Pence*, Dr. to *Joseph Milholland*, thirty dollars for one gun, obtained by fraud. *April* 14, 1857. [Signed] *Joseph Milholland.*"

The justice gave judgment for the plaintiff. In the Common Pleas, to which the cause was taken by appeal, the defendant moved to dismiss the suit for want of a complaint. Pending this motion, the plaintiff moved for leave to amend the cause of action. The Court refused to allow the amendment, and sustained the motion to dismiss. In support of these rulings, it is insisted that in civil cases before a justice, there should be a regular complaint; and that the plaintiff, in this instance, having filed no such pleading, either in substance or form, there was, consequently, nothing to amend, and the suit was properly dismissed.

The code very distinctly points out the requirements of a complaint. 2 R. S. p. 37, § 49. And the act in relation to proceedings before justices, says that, "In all cases not in this act otherwise specially provided, such proceedings shall be governed by the practice and usages of Circuit Courts," &c. *Id.* p. 465, § 75. These enactments evidently favor the position assumed by the appellee; and unless the act to which we have referred is found to have some special provision which makes the filing of a regular complaint unnecessary, the rulings must be sustained. But, in addition, we are referred to section 32 of the same act, which declares that "All forms of action heretofore known

Nov. Term, by distinct names are abolished, and but one form of ac-
1858.  tion, to be called a complaint, shall be used," &c.  *Id.* p.
MILHOLLAND  455.  This section seems to have no effective bearing upon
v.  the question under consideration.  It simply gives a name
PENCE.  to the action to be used before justices, and does not as-
sume to point out the necessary requirements of a pleading.

There is, however, in that act, another provision, which
seems to have special reference to the statement of the
cause of action in justices' Courts.  Section 35 says: "In
all suits commenced by summons, the plaintiff shall, three
days before the return day of the writ, file with the justice
a statement of the grounds of his complaint, or the written
instrument which is the foundation of his suit; and in ac-
tions against officers on their official bonds, a certified copy
thereof, and an informal statement of the breach com-
plained of, and the damages claimed, shall be sufficient,"
&c.  *Id.* p. 456.  As we have seen, the action before a justice
is to be called a complaint.  Hence, the words "grounds of
complaint," as they occur in the section just quoted, evi-
dently mean grounds of action.  And the result is, that a
statement of facts, not having the legal requirements of
a regular complaint, may be deemed a sufficient cause of
action.  Indeed, the rule of pleading in justices' Courts, as
it stood anterior to the present code, remains unchanged.
So that "any statement, however short or informal it may
be, will answer the purpose, provided enough be shown to
bar another action for the same demand, and apprise the
defendant of the nature of the claim."  4 Blackf. 13.—5
*id.* 40.—4 Ind. R. 124.  And this rule, when applied to the
statement before us, at once shows that it is sufficient with-
out amendment.  It follows that the motion to dismiss
should have been overruled.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded, &c.

*B. F. Gregory* and *J. Harper*, for the appellant.

*R. A. Chandler*, for the appellee.