## The United States Express Co. *v*. Keefer et al.

Justice of the Peace.—*Pleading.—Sufficiency of Complaint.*—In actions originating before a justice, the statement by a plaintiff of " the grounds of his complaint" will be sufficient, if it inform the defendant of the nature of plaintiff's cause of action in such a manner that a judgment thereon would be a bar to another action for the same cause.

Same.—*Common Carrier.—Signification of Letters "C. O. D."—Practice.— Motion to Make Complaint More Specific.—Motion in Arrest.*—The letters " C. O. D.," used in a complaint against an express company, have acquired, in the commerce of the country, such a fixed and determinate meaning, that courts and juries, from their general information, will readily understand what they mean. If such a complaint were defective for want of an averment of their meaning, the defect is one to be reached by a motion to make more specific; a motion in arrest of judgment would not reach such defect.

SAME.—*Action for Loss of Goods Marked "C. O. D."*—*Plaintiff.*—The general rule is, that actions against a common carrier, for the loss of goods, must be brought in the name of the consignee, but where the goods are shipped, marked " C. O. D.," the contract of the common carrier is not only to safely carry and deliver the goods to the consignee, but also to " collect on delivery," and return to the consignor, the charges on the goods ; and the consignor may sue on such contract. where neither the goods nor the charges thereon are returned to him.

SAME.—*Justice of the Peace.*—*Pleading.*—*Answer.*—*Harmless Error.*—It is a harmless error to sustain a demurrer to an answer to a complaint in a cause originating before a justice, where the answer does not set up the statute of limitations, set-off or matter in abatement.

From the Cass Circuit Court.

*F. Swigart*, for appellant.

*J. M. Justice*, for appellees.

HOWK, J.—This action was commenced by the appellees, against the appellant, before a justice of the peace of Cass county, Indiana, by filing their complaint, as follows :

"Come now Joseph S. Craig and William B. Keefer, under the name and style of Craig & Keefer, and complain of the United States Express Company, and say, that, on the 14th day of December, 1872, said plaintiffs delivered to said defendant, through said defendant's agent, at the city of Logansport, a certain package containing one overcoat and one pair of pants, all of the value of fifty-four dollars, marked ' C. O. D.,' consigned to Harrison Burkhalter, in Monticello, Indiana; that said package was securely packed and delivered to said defendant, through their said agent, in good condition; that said plaintiffs have demanded of said defendant said goods, or the value thereof. Said defendant refused to account therefor, to the damage of plaintiffs in the sum of seventy dollars. Wherefore plaintiffs demand judgment for seventy dollars, and all other proper relief."

Before the justice, judgment was rendered by default, in favor of the appellees, and against the appellant, for fifty-four dollars and costs, from which judgment the appellant appealed to the court below. In the latter court,

the appellant appeared and filed an answer in six paragraphs. The appellees demurred to each of the paragraphs of answer, except the first, for the want of sufficient facts therein to constitute a defence to their action, which demurrers were sustained as to the third, fourth, fifth and sixth paragraphs, to each of which decisions the appellant excepted. The demurrer to the second paragraph was overruled.

The first paragraph of the answer was a general denial.

In the second paragraph of its answer, the appellant alleged, in substance, that it was not liable for the goods charged to have been destroyed while in its possession, if so destroyed, because the consignee, by contract with the appellees, the consignors, knew of the shipment of said goods and of the time of their arrival at Monticello, by the usual modes of transmission from Logansport, Indiana, the appellees' place of business, and Monticello, the consignee's residence; and that the consignee was absent from Monticello, the place of consignment, at the time the goods would arrive there, by the consignee's contract; that the appellant, by its agent, made every possible effort to deliver said goods to the consignee, by sending him word by his brother, who agreed to deliver the message, that the goods were there for him; that the appellant's agent also sent said goods to the consignee's last place of business, to wit, his father's residence in Monticello, and then and there offered to deliver them to the consignee by his agent, his father; that, upon failure so to do, the appellant, by its agent, placed said goods in a room in the depot building in Monticello, which was a good, safe, sufficient and secure building, and took the best possible care of said goods until the morning of the 23d day of December, 1872, when the depot building, without any fault of the appellant or its agents, and said goods were entirely destroyed by fire; that, for the past ten years, and ever since the appellant had established an office at Monticello, it had been the appellant's custom to

deliver all express goods at the depot in said town, and not to deliver at the consignee's place of business or residence, of which custom the appellees were well informed and had notice; and the appellant charged the appellees with negligence on their part, in this: in not conveying and receiving the goods, or authorizing the consignee's agents to receive the same, and by sending said package " C. O. D.," and preventing the appellant from delivering the same, unless the charges were paid. Wherefore, etc.

To this second paragraph of answer, the appellees replied by a general denial.

The issues joined were tried by a jury, and a verdict was returned for the appellees, assessing their damages at fifty-four dollars.

The appellant's motion for a new trial was overruled, and to this decision the appellant excepted; and the appellant's motion in arrest of judgment having also been overruled, and its exception saved to this ruling, the court below rendered judgment on the verdict.

In this court, the appellant has properly assigned as errors the several decisions of the court below, in sustaining the appellee's demurrers to the third, fourth, fifth and sixth paragraphs of answer, and in overruling the appellant's motion for a new trial, and its motion in arrest of judgment.

The alleged error of the court below, in overruling the appellant's motion in arrest of judgment, calls in question, to a very limited extent, the sufficiency of the facts stated in appellee's complaint to constitute a cause of action. As we have seen, this action was commenced before a justice of the peace. In such a case, the statute requires that the plaintiff shall " file with the justice a statement of the grounds of his complaint, or the written instrument which is the foundation of his suit." 2 R. S. 1876, p. 614, sec. 35.

In suits originating before a justice, it is the settled law of this State, that the statement by a plaintiff of " the

grounds of his complaint" will be sufficient, if it will inform the defendant of the nature of the plaintiff's cause of action, and be so explicit that a judgment in the suit may be used as a bar to another action for the same cause. *Milholland* v. *Pence*, 11 Ind. 203; *Clark* v. *Benefiel*, 18 Ind. 405; and *Powell* v. *DeHart*, 55 Ind. 94. Testing the appellees' complaint in this case by the law laid down in the cases cited, it seems clear to us, that said complaint was amply sufficient. It clearly informed the appellant of the nature of the appellees' claim, and it can not be doubted that a judgment in this suit could be used by the appellant as a complete bar to any other suit for the same cause or claim.

It is said in argument by appellant's counsel in this court, that the appellees' complaint in this cause is defective and insufficient, because " no averment is made of the meaning of the term, ' C. O. D.' " . These letters are by no means cabalistical. They have no occult nor mysterious meaning, as used in appellees' complaint. In the ordinary commerce of the country, these letters have acquired such a fixed and determinate meaning, that courts and juries, from their general information, will readily understand what is meant thereby when they are used as the appellees have used them in their complaint. If the complaint were defective, for the want of an averment of the meaning of those letters, the defect would be one which could only be reached by a motion to make more specific, and which would certainly be cured by the verdict    A motion in arrest of judgment would not reach such a defect in the complaint, if it were conceded to be defective in this particular.

Appellant's attorney says: " The general rule is, that a suit against a common carrier for the loss of goods must be in the name of the consignee." So it is; but, like all other general rules, this one hath its exceptions. Where, as in this case, the goods are marked " C. O. D.," the contract of the common carrier, in connection therewith, is

not only for the safe carriage and delivery of the goods to the consignee, but he further contracts with the consignors, that he will " collect on delivery" and return to the consignors the charges on said goods. Such was the appellant's contract with the appellees in this case, as outlined in their complaint; and, under such a contract, if the appellant returned neither the goods nor the charges thereon, on demand, to the appellees, the consignors, in our opinion they might well maintain this suit.

But we need not pursue this question further, as it seems very clear to us, that the appellees' complaint in this case was amply sufficient to withstand the appellant's motion in arrest of judgment.

It is earnestly insisted by the appellant's counsel, that the court below erred, in sustaining the appellees' demurrers to the third, fourth, fifth and sixth paragraphs of answer. In neither of said paragraphs, did the appellant set up, as matter of defence, either the statute of limitations, set-off, or matter in abatement; and the statute expressly provides, that " all matter of defence," except the matters stated, " may be given in evidence without plea." 2 R. S. 1876, p. 612, sec. 34. Therefore, we do not set out these several paragraphs of answer, nor consider the alleged sufficiency of the facts therein, in this opinion. For, even if it were conceded, that the facts alleged in said several paragraphs of answer, or either of them, were amply sufficient to constitute a defence or defences to this action, still it would not be error to sustain demurrers to those paragraphs, for the reason that all the material facts alleged therein might have been given in evidence, on the trial of this cause, " without plea." At most, these alleged errors, if such they were, were harmless errors; and it is well settled by numerous decisions, that, for such errors, this court will not reverse the judgment of a lower court.

The decision of the court below, in overruling the appellant's motion for a new trial, was also assigned as er-

ror. But the evidence on the trial is not in the record; and this alleged error presents no question for our consideration.

We find no error in the record of which the appellant can complain.

The judgment is affirmed, at the costs of the appellant.