HEWETT v. JENKINS.

PLEADING.—*Complaint not Signed.*—*Justice of the Peace.*—*Motion in Arrest.*— The fact that, in an action originating before a justice of the peace and appealed to the circuit court, the complaint is not signed by either the plaintiff or his attorney, does not render it insufficient on demurrer or motion in arrest.

From the Delaware Circuit Court.

*T. J. Blount, C. B. Templer, R. S. Gregory* and *J. N. Templer,* for appellant.

*O. J. Latz, C. W. Kilgore, J. F. Sanders* and *J. Linville,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, before a justice of the peace of Delaware county, Indiana.

In his complaint, the appellee alleged, in substance, that, on the 13th day of March, 1875, the appellee bargained, sold and conveyed to the appellant a certain pair of mules, of the value of three hundred dollars, in part consideration of which the appellant bargained, sold and conveyed to appellee a certain brown horse, of the value of one hundred and sixty dollars, and in further consideration of which the appellant promised to pay the appellee one hundred and forty dollars in money; that, besides the delivery to appellee of the said horse, at the value aforesaid, the appellant paid the appellee forty dollars in money, leaving a balance of one hundred dollars then due and wholly unpaid. Wherefore the appellee demanded judgment for one hundred and fifty dollars, and other proper relief.

The trial before the justice resulted in a verdict and judgment, in favor of the appellee, for one hundred dollars, from which judgment an appeal was taken by the appellant to the court below. In this latter court, the cause was tried by a jury, and a verdict was returned for the appellee, assessing his damages at one hundred and six dollars and ninety-three cents. The appellant's written motion for a new trial was overruled by the court, and to this decision he excepted; and his motion in arrest of judgment having also been overruled, and his exception saved to such ruling, judgment was rendered by the court below on the verdict.

The errors assigned by the appellant, in this court, are the decisions of the court below in overruling his motion for a new trial, and his motion in arrest of judgment.

We will consider and decide the questions presented by these alleged errors in the inverse order of their assignment.

The appellant's motion in arrest of judgment called in question, to a limited extent, the sufficiency of the facts stated in appellee's complaint to constitute a cause of action. It is the settled law of this State, that, in suits originating before a justice of the peace, the complaint will be sufficient, even on demurrer for the want of facts, if it will inform the defendant of the nature of the plaintiff's cause of action, and be so explicit that a judgment thereon may be used as a bar to another suit for the same cause of action. *Milholland* v. *Pence*, 11 Ind. 203; *Clark* v. *Benefiel*, 18 Ind. 405; *Powell* v. *DeHart*, 55 Ind. 94; *The United States Express Company* v. *Keefer*, 59 Ind. 263. Under these authorities, it seems very clear to us, that the facts stated in appellee's complaint were amply sufficient to constitute a cause of action.

The appellant's objection to the appellee's complaint in this case is, that the complaint was not signed by the appellee, nor by his counsel. Such a defect, or rather informality, in the complaint, could not have been reached

even by a demurrer for the want of sufficient facts, and much less so by a motion in arrest of judgment, after a verdict by which all such informalities are cured. The appellant's motion in arrest of judgment was properly overruled. *Fankboner* v. *Fankboner*, 20 Ind. 62; and *Lowry* v. *Dutton*, 28 Ind. 473.

The only causes for a new trial, assigned by the appellant in his motion therefor, were, that the verdict of the jury was not sustained by the evidence, and that it was contrary to law.

The only question presented for our decision by these causes for a new trial is this: Was the verdict of the jury sustained by any sufficient legal evidence? We think that it was; and, therefore, we hold, that no error was committed by the court below, in overruling the motion for a new trial.

The judgment is affirmed, with ten per centum damages, at the appellant's costs.