## FISHER *v.* THE STATE, EX REL. WILDERMUTH.

BASTARDY.—*Admission of Maintenance Provided for Child.*—The admission of the mother of a bastard child, that provision for the maintenance of her child has been made to her satisfaction, as contemplated by section 17 of the bastardy act, 2 R. S. 1876, p. 660, must be entered of record.

SAME.—An admission, in writing, that such provision has been made, which

has not been entered of record, though containing a request that it be so entered, is no bar to a subsequent prosecution.

SAME.—*Arrest of Judgment.— Venue.—Amendment.*—The omission of the venue from the affidavit instituting a prosecution for bastardy is not ground for arresting the judgment, and is deemed, by the Supreme Court, as having been supplied by amendment in the court below.

SAME.—*Motion to Dismiss Action.—Exception.— Supreme Court.*—Error in overruling a motion to dismiss such a prosecution, if not excepted to at the time, is not available in the Supreme Court.

SAME.--*New Trial.—Bill of Exceptions.*--The truth of causes alleged in a motion for a new trial must be shown by a bill of exceptions.

SAME.—*Assignment of Error.*—A mere cause for a new trial can not properly be assigned as error, in the Supreme Court.

From the Pulaski Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellant.

*T. S. Rollins,* for appellee.

HOWK, C. J.—In this case, Loretta Wildermuth filed, before a justice of the peace of Pulaski county, her verified complaint, wherein she alleged that she was pregnant with a bastard child, of which the appellant, Martin Fisher, was the father.

Upon a hearing before the justice, it was adjudged that the appellant was the father of the relatrix's bastard child.

In the court below, the appellant's motion to dismiss the cause, for the want of a " proper affidavit," was overruled.

The appellant then answered in two paragraphs :

1.   A general denial ; and,

2.   An affirmative answer, which we will hereafter notice.

The appellee demurred to the second paragraph of the appellant's answer, which demurrer was sustained by the court, and to this decision the appellant excepted.

The cause was tried by a jury, and a verdict was returned for the appellee, that the appellant was the father of the bastard child mentioned in the complaint.

The appellant's motion for a new trial was overruled by the court, and to this ruling he excepted.  His motion in arrest of judgment was also overruled by the court,

Fisher *v.* The State, *ex rel.* Wildermuth.

and he excepted to this decision; and judgment was rendered upon and in accordance with the verdict of the jury.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his motion to dismiss this suit;

2. In sustaining a demurrer to the second paragraph of his answer;

3. In sustaining a demurrer to said second paragraph, as amended;

4. In overruling his motion for a new trial;

5. In overruling his motion in arrest of judgment; and,

6. Error of the court, in the exclusion of certain evidence.

1. The record fails to show that the appellant, at the time, excepted to the decision of the court in overruling his motion to dismiss this suit. Without such an exception, the alleged error of the court, in overruling said motion, was not properly saved in the record, and presents no question for our decision. This rule of practice is founded on the provisions of the code, and has been so long and so often recognized and acted upon, in the decisions of this court, that we need not cite authorities in its support.

2. The second and third errors assigned by the appellant relate to the sufficiency of the second paragraph of his answer, and may well be considered together, as they present substantially the same question for our decision. In the second paragraph of his answer, the appellant set up a written certificate of satisfaction, executed by the appellee's relatrix, as follows:

" December 21st, 1875. I hereby certify, that full satisfaction has been made by Martin Fisher for the support of my bastard child; as a fact of the same, I, therefore, wish the same dismissed.

[Signed,] " M. LORETTA WILDERMUTH."

It was alleged in said paragraph of answer, that the appellant had given bond, with security, to the appellee's relatrix, then an adult, for the payment to her, in instalments, of the sum of fifty dollars, which sum she had agreed to receive in full satisfaction for the support of her bastard child ; that he had tendered the said sum of fifty dollars, as the instalments became due, to the relatrix, and to her father and mother, and that he had been and still was ready to comply with said agreement in every way; and that he brought into court the agreement of the relatrix for the dismissal of this suit, and asked that the same might be entered of record, in the court below, as the acknowledgment of the relatrix, that provision to her satisfaction had been made for her bastard child, and that the same might still stand as her agreement in said court.

It is very clear, we think, that the facts stated in this second paragraph of answer were not sufficient to constitute a valid defence to this action. In section 17 of "An act regulating prosecutions in cases of bastardy," etc., approved May 6th, 1852, it is provided, that " The prosecuting witness, if an adult, may, at any time before final judgment, dismiss such suit, if she will first enter of record an admission that provision for the maintenance of the child has been made to her satisfaction, * * * and such entry * * * shall be a bar to all other prosecutions for the same cause and purpose." 2 R. S. 1876, p. 660. Under this provision of the statute, it is essentially requisite that the prosecuting witness should " enter of record an admission that provision for the maintenance of the child has been made to her satisfaction." The case at bar is very similar to the case of *Harness* v. *The State, ex rel.*, 57 Ind. 1, in which it was held by this court, that an acknowledgment of satisfaction by the prosecuting witness, of provision made for the support of her bastard child, not entered of

record as provided by the statute, would not bar a further prosecution. The court did not err in sustaining the demurrer to this second paragraph of answer, either as originally filed or as amended.

4. The fourth error complained of by the appellant is the decision of the circuit court in overruling his motion for a new trial. In this motion, a large number of causes for such new trial were assigned, consisting chiefly of alleged errors of law, occurring at the trial, and excepted to by the appellant. There is no bill of exceptions in the record, and therefore the truth of these causes for a new trial is not made manifest, in the mode prescribed by law.

We can not say, from the record of this cause, that the court erred in overruling the appellant's motion for a new trial, and therefore we are bound to say that the court committed no error in this ruling; for all the presumptions are in favor of the correctness of the court's decision. *Myers* v. *Murphy*, 60 Ind. 282.

5. The fifth alleged error, the overruling of the appellant's motion in arrest of judgment, calls in question only the sufficiency of the complaint of the relatrix, after trial and verdict. The objection to the complaint is, that it had no venue. This objection is to the form, rather than to the substance of the complaint; and it can not be made available, on a motion in arrest of judgment. Besides, this is a civil action, and the complaint might have been amended, so as to obviate this objection, in the circuit court, and it will be regarded as thus amended, in this court. The complaint certainly informed the appellant of the nature of the relatrix's cause of action, and was so explicit that a judgment thereon could be used as a bar to another suit for the same cause. As a rule, this is all that is requisite in a complaint in a suit originating, as this did, before a justice of the peace. *Hewett* v. *Jenkins*, 60 Ind. 110.

We are clearly of the opinion, that the complaint in this case was sufficient after verdict, on a motion in arrest of judgment; and that the motion was correctly overruled. *Dibble* v. *The State, ex rel.*, 48 Ind. 470.

6. The sixth and last error assigned was merely a cause for a new trial, and presents no question for our decision. A cause for a new trial can not be assigned as error, in this court. *Freeze* v. *DePuy*, 57 Ind. 188; *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56.

We find no available error in the record of this cause.

The judgment is affirmed, at the appellant's costs.