DePriest v. The State, ex rel. Harris.

————————

DePriest v. The State, ex rel. Harris.

BASTARDY.— *Civil Action.—Complaint.—*A prosecution for bastardy is essentially a civil suit, and the complaint before the justice of the peace will be sufficient, if it will inform the defendant of the nature of the cause of action, and is so explicit that a judgment thereon could be used as a bar to another suit for the same cause, especially when the sufficiency of such complaint is questioned, for the first time, in the Supreme Court.

SAME.—*Trial without Answer or Issue.—Practice.*—It is not error to try a bastardy case without any answer filed or issue joined therein, as no provision is made by the statute regulating such cases for the filing of any answer or the joinder of any issue by the defendant ; and under section 34, 2 R. S. 1876, p. 612, all matters of defence in such cases, except the statute of limitations, set-off and matter in abatement, may be given in evidence without plea.

SAME.—*Misconduct of Juror.—New Trial.— Weight of Evidence.—Supreme Court.*—Where a motion for a new trial in a bastardy suit alleges as a cause therefor the misconduct of one of the jurors, in falsely declaring that he had not formed or expressed an opinion as to the guilt of the defendant, and the court below hears evidence touching such misconduct, its conclusion will not be disturbed by the Supreme Court on the weight of the evidence.

SAME.—*Guardian ad Litem in Bastardy Suit.—Practice.*—An objection to the trial and judgment, upon the ground that no guardian *ad litem* had been appointed for an infant defendant in a bastardy suit, can not be made for the first time in the Supreme Court.

SAME.—*Weight of Evidence.—Practice.*—A verdict will not be disturbed by the Supreme Court when there is evidence tending to establish every material fact necessary to be proved in order to sustain such verdict.

From the Gibson Circuit Court.

*J. E. McCullough, L. C. Embree, W. H. Trippett* and *M. W. Fields*, for appellant.

*W. M. Land, J. B. Gamble* and *A. P. Twineham*, for appellee.

Howk, C. J.—On the 12th day of October, 1876, the appellee's relatrix, Eleanor Harris, filed with a justice of the peace of Gibson county her verified complaint, wherein she charged, in substance, that she was pregnant with a bastard child, of which the appellant was the father. Upon this complaint a warrant was issued for the appellant, and he was arrested; and, upon the hearing of the cause and the examination of the relatrix, the justice, failing to find that her complaint was true, adjudged that the appellant should be discharged, and dismissed the case.

From this judgment of the justice, an appeal was taken, as his transcript states, by the appellee's relatrix to the Gibson Circuit Court. The cause was there submitted to a jury for trial, who failed to agree upon a verdict and were discharged by the court.

Afterward the cause was again tried by a jury, and a verdict was returned to the effect that the appellant was the father of the bastard child mentioned in said complaint. The appellant's motion for a new trial was overruled by the court, and to this decision he excepted; and judgment was rendered on the verdict that he should pay the appellee's relatrix, for the support and maintenance of her bastard child, a certain sum of money in certain instalments.

In this court the appellant has assigned the following alleged errors:

1. The overruling of his motion for a new trial;

2. The trial of this cause and the rendition of judgment against him therein, without having first appointed a guardian *ad litem* to answer for him, a minor:

DePriest *v.* The State, *ex rel.* Harris.

3. The trial of the cause without any answer filed or issue joined therein ;

4. The complaint does not state facts sufficient to constitute a cause of action.

In considering these alleged errors, in their natural order, the one last assigned, namely, the insufficiency of the complaint or cause of action, should be first taken up and passed upon ; for the complaint is the foundation of the case, and, if it is insufficient, the proceedings had thereon can not be sustained. In examining the complaint in this case, with the view of determining whether or not the facts stated therein are sufficient to constitute a cause of action, it should be borne in mind that, in this State, a suit in bastardy is essentially a civil suit. Thus, in section 6 of the act of May 6th, 1852, regulating prosecutions in cases of bastardy, etc., it is provided that the trial and continuance of such suits, both before the justice and in the circuit court, shall in all respects not otherwise provided for in said act, be governed by the law regulating civil suits. 2 R. S. 1876, p. 657. In civil suits originating before a justice of the peace, if the complaint will inform the defendant of the nature of the plaintiff's cause of action, and is so explicit that a judgment thereon could be used as a bar to another suit for the same cause, it would certainly be sufficient, even upon a demurrer thereto for the want of sufficient facts, or on a motion to dismiss the suit for the want of a cause of action. *Powell* v. *DeHart*, 55 Ind. 94; *The United States Express Co.* v. *Keefer*, 59 Ind. 263; *Hewett* v. *Jenkins*, 60 Ind. 110. In the case at bar, the appellant's objection to the complaint is made after the verdict and judgment thereon, for the first time, in this court. In our opinion the complaint is sufficient. *Dibble* v. *The State, ex rel.*, 48 Ind. 470 ; and *Fisher* v. *The State, ex rel.*, 65 Ind. 51.

In discussing the questions which arise under the alleged error of the court in overruling the appellant's motion for

a new trial, it is first claimed by his counsel that the verdict of the jury was not sustained by the evidence. The evidence is not of the most satisfactory or convincing character, as it is set out in the record; but, under the rules obtaining in this court in such cases, we can not disturb the verdict on the evidence. It was the province of the jury to harmonize and settle the conflicting evidence before them, if they could; and, if they could not, they had the right to determine which of the witnesses was the more worthy of belief. If the jury believed the evidence of the relatrix, as they had the right to do, and as they evidently did, to the exclusion of much contradictory evidence in the cause, it is certain, we think, that her evidence tended to establish every material fact necessary to be proved in order to sustain the verdict. It is not the province of this court, in such a case, to weigh the evidence or to attempt to decide the case upon what we might regard as the fair preponderance of the evidence as it appears in the record. *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; and *The Fort Wayne, etc., Railroad Co.* v. *Husselman*, 65 Ind. 73.

One of the causes for a new trial, assigned by the appellant in his motion therefor, was the alleged misconduct of one of the jurors of the jury trying the cause, whereby he was prevented from having a fair trial by an impartial jury. This cause for a new trial was supported by a number of affidavits which tended to show that, before the juror in question was accepted by the appellant as a member of the jury in this case, he was sworn to answer questions touching his qualifications as such juror, and that, in answer to a question as to whether or not he had formed or expressed any opinion as to the merits of this suit, his response was in the negative; that, relying upon this answer, and in ignorance of the fact that he had either formed or expressed such an opinion, the appellant had been induced

to and did accept of such juror as a member of said jury ; and that, after the trial of this cause and the return of the verdict therein, the appellant for the first time had learned and believed that the juror in question had, in the month of January, 1878, before the trial of this case, in a conversation of and concerning a number of suits in bastardy then pending in the Gibson Circuit Court, this suit being one of the number, expressed the opinion "that he believed that every one of the defendants in the said prosecutions was guilty ; that he did not believe that a woman would swear a bastard child to a man to whom it did not belong, and that they had better not put him upon a jury to try any of said bastardy cases ; that if they did, he would stick the defendant every time."

In response to this cause for a new trial and the affidavits filed therewith, the counter-affidavit of the juror named was filed, wherein he stated, in substance, that he had never heard of the appellee's relatrix, and the appellant was a total stranger to him, until he was called and sworn as a juror on the trial of this cause, and that, until he was thus called and sworn, he was wholly ignorant that any such suit was pending in said court ; that he entered upon the discharge of his duties, as such juror in this case, without any bias or prejudice whatever against the appellant ; that, before he was sworn as such juror, he had neither formed nor expressed any opinion whatever touching the guilt or innocence of the appellant, and had no belief, nor information sufficient to form a belief, that the appellant was the father of the bastard child mentioned in the complaint of the relatrix.

The question presented for the decision of the court by this cause for a new trial was a question of fact as to the competency of the juror to act as such on the trial of this cause. There was no evidence before the court that the juror had any knowledge of the pendency of this particu-

lar case, or that he had formed or expressed any opinion touching the merits of this case. The record shows that the court examined orally the several affiants and the juror under oath, in regard to the question presented by this cause for a new trial, and the conclusion of the court manifestly was, that the alleged misconduct of the juror was not sustained by the evidence. The question was one which, even in criminal cases, and certainly so in civil suits, was to be determined by the weight of the evidence. All that the evidence tended to show was, that the juror, in a conversation about a number of bastardy suits and in utter ignorance of the existence of this partiular case, had expressed great confidence in the truthfulness of the prosecuting witnesses in such cases, and his unbelief "that a woman would swear her bastard child to a man to whom it did not belong." It seems to us that this evidence wholly failed to show that the juror was guilty of the misconduct alleged by the appellant as a cause for a new trial, in his motion therefor. We can not disturb the conclusion of the court on this point, on the weight of the evidence. *Romaine* v. *The State*, 7 Ind. 63 ; *Holloway* v. *The State*, 53 Ind. 554 ; *Beard* v. *The State*, 54 Ind. 413.

The appellant has assigned, as error, the. trial of the cause and rendition of a judgment against him, a minor, without the appointment of a guardian *ad litem* to answer for him. It does not appear from the record that the appellant's minority was suggested to the court, or that any application was made to the court for the appointment of a guardian *ad litem* to answer for him ; nor does it appear that any objection was interposed in the circuit court, either to the trial of the cause or the rendition of judgment against him, on the ground of his minority or for the want of a guardian *ad litem*. In the case of *Rawles* v. *The State*, *ex rel.*, 56 Ind. 433, it was decided by this court that the fact that a guardian *ad litem* had not been appointed for an infant defendant, in a bastardy suit, was not a sufficient

ground for arresting judgment therein. And in the case of *Evans* v. *The State, ex rel.*, 58 Ind. 587, it was also decided that the failure to appoint a guardian *ad litem* for an infant defendant, in a bastardy suit, where such appointment had not been requested before the trial of the case, was not a cause for a new trial. We are clearly of the opinion that an objection to the trial and judgment, upon the ground that no guardian *ad litem* had been appointed for an infant defendant in a bastardy suit, can not be made for the first time in this court, as in this case.

It has also been assigned as error by the appellant, that the cause was tried without any answer filed or issue joined therein. This supposed error is not well assigned. We have seen that the statute regulating prosecutions in bastardy cases expressly provides that the trial of such suits, both before the justice and in the circuit court, shall, in all respects not otherwise provided for in that statute, be governed by the law regulating civil suits. No provision is made in that statute for the filing of any answer, or the joinder of any issue, by the defendant in a bastardy suit; and in section 34 of the law regulating civil suits, originating as this did, before a justice of the peace, it is provided that "All matter of defence, except the statute of limitations, set-off, and matter in abatement may be given in evidence without plea." 2 R. S. 1876, p. 612.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.