Beineke *v.* Wurgler.

## ON PETITION FOR A REHEARING.

⸻ ♦♦♦ ⸻

No. 7644.

## BEINEKE *v.* WURGLER.

JUSTICE OF THE PEACE.—*Pleading.—Sufficiency of Complaint.*—In civil
   suits originating before justices of the peace, if the plaintiff's complaint
   state such facts as will inform the defendant of the nature of the action,
   and be so explicit that a judgment thereon will bar another suit for the
   same cause, it will be sufficient, even on a demurrer thereto for the
   want of facts.

PRACTICE.—*Bill of Exceptions.—Evidence.—Testimony.*—When a bill of
   exceptions concludes with the statement, "this was all the testimony
   given in the cause," and the bill shows on its face that it does not con-
   tain all the evidence given in the case, it will present no question which
   depends for its decision upon the evidence.

Beineke *v.* Wurgler.

MARION SUPERIOR COURT.—*General and Special Terms.—Appeals to Supreme Court.—Assignment of Error.*—An appeal will not lie from any judgment or decision of the Marion Superior Court, at special term, directly to the Supreme Court, but only to the former court in general term, from whose order, decision or judgment alone an appeal may be taken to the Supreme Court. On such latter appeal, the only proper assignment of error is, that the court in general term had erred in its judgment, affirming or reversing, as the case might be, the judgment of the court at special term.

From the Marion Superior Court.

*D. V. Burns* and *C. S. Denny*, for appellant.
*A. F. Denny*, for appellee.

HOWK, J.—This suit was commenced by the appellee against the appellant, before a justice of the peace of Marion county, upon a claim for services rendered, in the sum of $150. Upon a trial had, the justice gave judgment for the appellee for the full amount of his claim, from which an appeal was duly taken by the appellant to the court below. In that court, at special term, the cause was tried by the court, and a finding was made for the appellee in the full sum demanded; and, over the appellant's motion for a new trial, and his exception saved, judgment was rendered accordingly. On appeal to the general term of the court, the judgment of the special term was affirmed, and from this judgment of affirmance, this appeal is now here prosecuted.

By a proper assignment of error, the appellant has brought before this court the errors assigned by him on his appeal to the superior court in general term, as follows:

1. The court at special term erred in overruling his motion for a new trial; and,

2. The appellee's complaint does not state facts sufficient to constitute a cause of action.

In his complaint, the appellee alleged, in substance, that, on September 9th, 1876, he was, and since had been, engaged in the business of a real estate broker, in the city of Indianapolis, which the appellant well knew; that the ap-

pellant employed the appellee to sell for him certain real estate in said city, particularly described, for the price of $5,500 ; that, in pursuance of said employment, the appellee procured a purchaser for said lot, who was able and willing to purchase the same on the terms demanded by the appellant, but he refused and neglected to execute the proper deed or deeds for said real estate, although the purchaser so furnished by appellee was anxious, ready and willing, as well as able, to perform his part of said trade ; that, by reason of the premises, the appellant became and was indebted to appellee, in the sum of $150, which was the reasonable value of his services, according to the established custom of brokers in the real estate business in said city of Indianapolis, which said sum was then past due and wholly unpaid. Wherefore, etc.

The appellant did not object to the sufficiency of this complaint, either before the justice or in the court below at special term, but the objection was made for the first time, after trial and judgment, in an appellate court. The objection came too late, even if it would otherwise have been available. But it may be regarded as settled law in this State, that, in suits originating, as this one did, before a justice of the peace, the complaint will be held sufficient, even on a demurrer for the want of facts, if it will inform the defendant of the nature of the plaintiff's cause of action, and be so explicit that a judgment thereon may be used as a bar to another suit for the same cause of action. *Powell* v. *DeHart*, 55 Ind. 94 ; *The United States Express Co.* v. *Keefer*, 59 Ind. 263 ; *Hewett* v. *Jenkins*, 60 Ind. 110 ; *Smith* v. *Stanford*, 62 Ind. 392 ; *The City of Goshen* v. *Kern*, 63 Ind. 468 ; *DePriest* v. *The State*, 68 Ind. 569.

There can be no doubt, as it seems to us, that in the case at bar the appellee's complaint fully informed the appellant of the nature of his cause of action, and was so explicit in its allegations of fact that a judgment thereon might be

used as a complete bar to another suit for the same cause of action. It follows, therefore, that the complaint in this case stated facts sufficient to constitute a cause of action.

In his motion for a new trial, the appellant assigned the following causes therefor :

1. The finding of the court was contrary to, and was not supported by, the evidence ; and,

2. The damages assessed were excessive.

It will be readily seen that neither of these causes for a new trial presents any question for the decision of this court, if it can not be said that the evidence is in the record. The bill of exceptions does not purport to contain all the evidence given in the cause, but, after setting out the testimony of the parties given on the trial, the bill of exceptions concludes with a statement that "this was all the testimony given in said cause." It is apparent on the face of the bill of exceptions, that it does not contain all the evidence, although it may have contained all the oral testimony given on the trial of the cause, for it contains the statement that the appellant offered the interrogatories propounded to appellee, and his answers thereto, which were admitted. These interrogatories and answers are not contained in the bill of exceptions nor elsewhere in the record. In *McDonald* v. *Elfes*, 61 Ind. 279, the bill of exceptions had concluded, as in this case, with a statement to the effect that this was all the testimony given in the cause. Upon this point the court there said : " 'Testimony' is not the proper word to be used in that connection. Testimony is the statement or declaration of a witness ; it is merely a species or class of 'evidence,' which latter word is the proper one to be used in the conclusion of a bill of exceptions, which contains the evidence introduced on the trial of a cause. For evidence includes all testimony, while testimony does not include all evidence."

When it appears, as it does in the case at bar, that written evidence was introduced on the trial, which is not con-

tained in the bill of exceptions, it must be held, as we now hold, that this court can not consider and determine any question which depends for its proper decision upon the weight or sufficiency of the evidence. *The Gazette Printing Co.* v. *Morss*, 60 Ind. 153.

The court committed no error, we think, in overruling the appellant's motion for a new trial.

The transcript of the record of this cause, with the appellant's assignment of error endorsed thereon, was filed in this court on the 1st day of February, 1879, and on the 28th day of May, 1879, the cause was submitted by agreement. Briefs were thereafter filed in due time by the counsel of the respective parties, and the cause was ready for distribution and decision, in its order. The case remained in this condition for about eighteen months, or until the 11th day of November, 1880, at which time a writ of *certiorari* was issued out of this court on the appellant's application, addressed to the clerk of the court below, and requiring him to certify to this court the proceedings had upon a motion to amend the record, which was made and ruled upon by the court below. Afterwards, on the 13th day of December, 1880, the return of the clerk of the court below to the *certiorari*, with a certified transcript of the proceedings had on said motion, was filed in this court, and, on the 19th day of December, 1881, apparently without notice to the appellee and without the leave of this court, the appellant endorsed on the original transcript an additional assignment of error. In this assignment the appellant said "that the court below, in special term, committed a further error, in this, that it overruled the motion to amend the bill of exceptions herein, and that the court in general term erred in affirming said action and judgment of the special term."

If it was intended by the latter clause of this assignment of error, to say that the court in general term erred in affirming the action and judgment of the special term in over-

Beineke *v.* Wurgler.

ruling the appellant's motion to amend the bill of exceptions, then the truth of such assignment is not shown by the transcript of the record certified to this court by the clerk of the court below, in obedience to said writ of *certiorari*. For this transcript shows only the proceedings had upon the petition or motion to amend the record by the court in special term, and does not show that any appeal was taken therefrom to, or that any action was had thereon by, the court below in general term. We are of the opinion, therefore, that this additional assignment of error presents no question for the decision of this court. For no provision is made in the statute under which the Marion Superior Court is organized, for an appeal direct to this court from any order, decision or judgment of the court in special term ; but all such appeals must be taken to the court below in general term, from whose order, decision or judgment alone an appeal will lie to this court. Besides, it is settled by the decisions of this court, that, on appeals from the Marion Superior Court, the only proper assignment of error here is that the court below in general term had erred in affirming or reversing, as the case might be, the judgment of the court in special term, and that this assignment of error would bring before this court for consideration and decision the errors assigned in the court below in general term, and none other. *Wesley* v. *Milford*, 41 Ind. 413 ; *Van Dusen* v. *Kindleburger*, 44 Ind. 282 ; *Cline* v. *Love*, 47 Ind. 258 ; *Coffin* v. *Campbell*, 68 Ind. 452.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.