Louisville, New Albany and Chicago Railway Company *v.* Zink.

No. 11,177.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* ZINK.

JUSTICE OF THE PEACE.—*Sufficiency of Complaint.—Demurrer.*—In civil actions originating before a justice of the peace, the complaint is sufficient on demurrer, if it states enough facts to inform the defendant of the nature of the plaintiff's action, and is so explicit that a judgment thereon will constitute a bar to another action for the same cause.

SUPREME COURT.— *Weight of Evidence.*—The finding of the trial court will not be disturbed, nor its judgment reversed, by the Supreme Court, on the mere weight of the evidence.

From the Floyd Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellee.

HOWK, C. J.—This suit was commenced by the appellee against the appellant, before a justice of the peace of Washington county, to recover the value of two milch cows alleged to have been run over and killed by the appellant's train of cars, upon the line of its railroad, at a point where it might have been, but was not, securely fenced in. Before the justice the trial of the cause resulted in a finding and judgment for the appellee in the sum of $110, and the costs of suit, from which judgment the appellant, the railway company, appealed to the circuit court of Washington county. In this latter court, on the appellant's application, the venue of the cause was changed to the Jackson Circuit Court, wherein the parties subsequently appeared, and, by their written agreement, the venue of the cause was again changed to the court below. There the cause was tried by the court and a finding was made for the appellee in the sum of $110, and, over the appellant's motion for a new trial, judgment was rendered accordingly.

In this court the appellant has assigned as errors (1) the overruling of its motion for a new trial, and (2) that appellee's complaint does not state facts sufficient to constitute a cause of action.

In their brief of this cause the appellant's counsel have failed to point out any objection to the sufficiency of the appellee's complaint, and we can see none. It certainly stated facts sufficient to inform the appellant of the nature of appellee's cause of action, and was so explicit that a judgment thereon would constitute a complete bar to another action for the same cause. This is a sufficient complaint in a suit originating before a justice of the peace. *Powell* v. *DeHart*, 55 Ind. 94; *Smith* v. *Stanford*, 62 Ind. 392; *DePriest* v. *State, ex rel.*, 68 Ind. 569; *Beineke* v. *Wurgler*, 77 Ind 468.

In its motion for a new trial the appellant assigned as causes therefor that the finding of the court was not sustained by sufficient evidence, and was contrary to law, and that the court erred in its assessment of the amount of appellee's recovery, the same being too large. A careful consideration of the evidence, as it appears in the record, has led us to the conclusion that the finding of the court ought not to be disturbed for either of the causes assigned by the appellant for a new trial. No good purpose will be subserved by a statement of the evidence, or by our comments thereon, in this opinion. It will suffice to say that the evidence not only tends to sustain, but, as we think, fully sustains, the finding of the trial court on every material point. In such a case, of course, under the long established practice of this court, the judgment below can not be disturbed on the evidence. In such a case, the rule of this court and the reasons for such rule will be found in many reported cases, and need not be repeated here. *Rudolph* v. *Lane*, 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Hayden* v. *Cretcher*, 75 Ind. 108; *Cornelius* v. *Coughlin*, 86 Ind. 461.

Appellant's motion for a new trial was correctly overruled. The judgment is affirmed, with costs.

Filed Jan. 2, 1884.