Western Union Telegraph Company v. Huff et al.

No. 11,211.

WESTERN UNION TELEGRAPH COMPANY v. HUFF ET AL.

PLEADING.—*Complaint before Justice of Peace.—Res Adjudicata.*—The complaint in an action commenced before a justice of the peace is sufficient if it will inform the defendant of the nature of the cause of action, and if a judgment thereon may be used as a bar to another action for the same cause.

SAME.—*Joint Interest.—Parties.*—Where it appears from the complaint that the plaintiffs are jointly interested in the cause of action stated, they are properly joined as co-plaintiffs.

PRACTICE.—*Sufficiency of Evidence.—Supreme Court.*—Where there is evidence in the record which tends to sustain the finding of the trial court on every material point, the Supreme Court will not disturb it.

From the Tippecanoe Circuit Court.

*J. A. Stein* and *G. W. Collins,* for appellant.

*T. B. Ward* and *G. W. Galvin,* for appellees.

HOWK, J.—In this case, the appellees, Samuel A. Huff and Edward H. Brackett, the plaintiffs below, alleged in their complaint that they placed in the hands of appellant's agent, at its office in the town of Monticello, Indiana, a written dispatch, of which the following is a copy:

"June 20th, 1881.

"To Hon. John R. Coffroth, Lafayette, Indiana:

"Will you please send us, by first train, seventieth Ill's, containing Mill-burr and Cabbage-seed cases.

"(Signed)          HUFF & BRACKETT."

Which said dispatch was so placed in the hands of the said agent to be transmitted to the said John R. Coffroth, at the city of Lafayette, by the appellant; for the transmission of which the appellees, at the time the dispatch was so placed in the hands of such agent, paid the appellant the sum of fifty cents, the usual charge according to the appellant's regulations, as and for its compensation for such transmission, which sum was received by appellant in full for such compensation; and so the appellant then and there undertook and promised the appellees to transmit the said dispatch, without partiality

and in good faith, to John R. Coffroth, at Lafayette, Indiana, under penalty of $100; but the appellees say that the appellant wholly failed to so transmit the said dispatch; that the appellant was, on the 20th day of June, 1881, an electric telegraph company, with a line of wires extending from the town of Monticello, Indiana, to the city of Lafayette, Indiana, and was then engaged in telegraphing for the public. Wherefore the appellees prayed judgment for the penalty of $100, etc.

The cause was tried by the court, and a finding was made for the appellees, and, over the appellant's motion for a new trial, judgment was rendered accordingly.

In this court, the first error assigned by the appellant is the overruling of its demurrer to the appellees' complaint. The grounds of demurrer were as follows:

1. Want of sufficient facts to constitute a cause of action.

2. Defect of parties plaintiffs, in this, that it does not show just relations between the plaintiffs.

3. Misjoinder of parties plaintiffs.

Of the first of these grounds of demurrer, it will suffice to say that the record shows the action to have been commenced before a justice of the peace. A complaint in such a case will be held sufficient if it will inform the defendant of the nature of the plaintiff's cause of action, and be so explicit that a judgment thereon may be used as a bar to another suit for the same cause of action. *Hewett* v. *Jenkins*, 60 Ind. 110; *DePriest* v. *State*, 68 Ind. 569; *Beineke* v. *Wurgler*, 77 Ind. 468.

In the case in hand, the complaint was sufficient in these respects, and it did not appear, on the face of the complaint, that there was any defect of parties plaintiffs, or that there was any misjoinder of such parties. It sufficiently appeared from the allegations of the complaint, that the appellees were jointly interested in the cause of action stated, and this joint interest authorized their joinder as co-plaintiffs in one and the same suit.

The only other error complained of, by the appellant, is the overruling of its motion for a new trial. The only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law. These causes for a new trial present for our decision the single question, whether or not there is sufficient legal evidence, appearing in the record, which tends to sustain the finding of the trial court on every material point. In the record of this cause, there is an abundance of such evidence, and, therefore, we can not say that the court erred in over-ruling appellant's motion for a new trial. *Swales* v. *Southard,* 64 Ind. 557; *Hayden* v. *Cretcher,* 75 Ind. 108; *Cornelius* v. *Coughlin,* 86 Ind. 461. We find no error in the record.

The judgment is affirmed with costs.

Filed April 24, 1884; petition for a rehearing overruled Oct. 29, 1885.