Filed March 9, 1886.

———◆———

No. 12,355.

## HASTY v. CITY OF HUNTINGTON.

CITY.—*Public Improvements.—Building Permits.— Validity of Ordinance.*—Under section 3106, R. S. 1881, the common council of a city incorporated under the general law has power to enact an ordinance making it unlawful to erect a building within such city without first making application to the clerk of the board of public improvements.

PLEADING.—*Complaint before Mayor or Justice.*—In actions originating be-
fore the mayor of a city or a justice of the peace, the complaint is suffi-
cient if it will inform the defendant of the nature of the cause of
action, and is so explicit that a judgment thereon will bar another ac-
tion for the same cause.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*B. F. Ibach,* for appellee.

HOWK, J.—In this case the appellant Hasty, the defend-
ant below, has here assigned as errors the decisions of the cir-
cuit court in overruling (1) his demurrer to the complaint,
(2) his motion for a new trial, and (3) his motion in arrest of
judgment.

The *first* and *third* of these alleged errors may properly be
considered together, as they each call in question the suffi-
ciency of appellee's complaint, the *first* before and the *second*
after the trial and finding thereon. The suit was commenced
before the mayor of the city of Huntington, and was taken
by appeal to the court below. In its complaint the city of
Huntington alleged that appellant, on or about the 17th day
of April, 1883, at the city and county of Huntington, then
and there violated section three of an ordinance of such city,
passed by the common council thereof on the 6th day of
of March, 1882, by unlawfully erecting a building or a struc-
ture in the third ward of such city, without first making appli-
cation to the clerk of the board of public improvements of
such city, as required by such section. Wherefore, etc.

In the *thirty-second* clause of section 3106, R. S. 1881, in
force since March 10th, 1873, power is conferred upon the
common council of a city incorporated, as the city of Hunt-
ington was, under the general law of this State for the in-
corporation of cities, " To organize a board of public improve-
ments, and empower such board to grant permits to build
houses or additions thereto." The validity of the city ordi-
nance, or of the section thereof, for the violation of which
the appellant was prosecuted in the case at bar, is in no man-

ner questioned in the brief of his counsel, and, therefore, can hardly be said to be involved in this appeal. For this reason it might well be held, as it seems to us, that this court has no jurisdiction of this appeal. Because, as the amount in controversy, exclusive of interest and costs, is only one dollar, and as the cause originated before the mayor of a city, and does not involve the validity of a city ordinance, the appeal is not authorized by the provisions of section 632, R. S. 1881, regulating appeals to this court.

Passing this point, however, as it is not made by appellee's counsel, we may say that the ordinance of the city of Huntington, and the section thereof, for the violation of which appellant is prosecuted in this cause, were held to be valid by this court in the well considered case of *Baumgartner* v. *Hasty*, 100 Ind. 575 (50 Am. R. 830), and we adhere to that decision.

In regard to the sufficiency of appellee's complaint, it will suffice to say that such complaint conformed to the requirements of section 3066, R. S. 1881, in relation thereto, that it informed appellant of the nature of the cause of action, and was so explicit that a judgment thereon could be used as a bar to another suit for the same cause of action. In actions originating before the mayor of a city or a justice of the peace, we have often held that such a complaint was sufficient. *Hewett* v. *Jenkins*, 60 Ind. 110; *Beineke* v. *Wurgler*, 77 Ind. 468; *Western Union Tel. Co.* v. *Huff*, 102 Ind. 535. The court did not err, we think, in overruling either the demurrer to the complaint or the motion in arrest of judgment.

In appellant's motion for a new trial the only cause assigned therefor is that the finding of the court was contrary to law. This cause for a new trial did not below, nor does it here, call in question the sufficiency of the evidence to sustain the finding. Yet that is the only question discussed by appellant's counsel in considering the alleged error of the court in overruling the motion for a new trial. The question is not presented here for consideration or decision. We

fail to see, and counsel have failed to point out, wherein the finding of the court was contrary to law.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed March 6, 1886.