Rice v. Manford.

No. 12,534.

## RICE v. MANFORD.

PLEADING.—*Complaint Before Justice of Peace.*—*Sufficiency of.*—Where an action is commenced before a justice of the peace, the complaint will be held good on appeal if it was sufficient to inform the defendant of the nature of the cause of action, and so explicit that a judgment thereon would bar another action for the same cause.

SPECIAL FINDING.—*General Verdict.*—*Motion for Judgment Notwithstanding.* —Where the facts specially found by a jury are inconsistent with each other, contradictory and uncertain in their meaning, and insufficient to support any judgment in favor of the party moving for judgment thereon, the general verdict will stand.

From the Jefferson Circuit Court.

*J. M. Keatinge* and *L. Howland,* for appellant.
*C. A. Korbly* and *W. O. Ford,* for appellee.

Howk, J.—In this case appellee sued appellant before a justice of the peace, of Jefferson county, upon an open account for goods sold and delivered by him to appellant, at his instance and request. The trial of the cause before the justice resulted in a verdict and judgment for appellee. On an appeal to the court below, the cause was there tried by a jury, and a general verdict was returned for appellee, the plaintiff below. With their general verdict the jury also returned into court their special findings upon particular questions of fact, submitted to them by the parties under the direction of the court. Over appellant's motions (1) for judgment in his favor on the special findings of the jury, notwithstanding their general verdict, and (2) for a new trial, the court rendered judgment against him, in appellee's favor, for the damages assessed in the general verdict and the costs of suit.

Appellant has assigned here as error, that appellee's complaint herein does not state facts sufficient to constitute a cause of action. The complaint is substantially a common count for goods sold and delivered by appellee to appellant, at his special instance and request; and an itemized bill of particulars is filed with and made part of such complaint. It

is very clear, therefore, that the complaint herein fully informed appellant of the nature of appellee's cause of action, and was so explicit in its statement of facts that a judgment thereon might be used as a complete bar to another suit for the same cause.

Where, as here, the suit was originally commenced before a justice of the peace, it is settled by our decisions that such a complaint is good, even when questioned by a demurrer for the want of sufficient facts, and good beyond any room for doubt when challenged for the first time by an assignment here, as error, that it does not state facts sufficient to constitute a cause of action. *Powell* v. *DeHart*, 55 Ind. 94; *DePriest* v. *State, ex rel.*, 68 Ind. 569; *Beineke* v. *Wurgler*, 77 Ind. 468; *Louisville, etc., R. W. Co.* v. *Zink*, 92 Ind. 406; *Western Union Tel. Co.* v. *Huff*, 102 Ind. 535.

It is claimed on behalf of appellant, that the court below erred in overruling his motion for a judgment in his favor upon the special findings of the jury herein, notwithstanding their general verdict.

In section 547, R. S. 1881, which is substantially a re-enactment of section 337 of the civil code of 1852, it is provided as follows: " When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."

In the consideration of a motion for judgment upon the special findings of the jury, notwithstanding their general verdict, it is settled by our decisions that, while all reasonable presumptions will be indulged here in favor of the general verdict, nothing will be presumed in support of the special findings of facts. *Cook* v. *Howe*, 77 Ind. 442; *Lassiter* v. *Jackman*, 88 Ind. 118; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88.

In the decision of such a motion as the one under consideration, all the facts specially found by the jury must be construed together, for the purpose of ascertaining their true legal effect. If the facts so found, when thus con-

strued, are so inconsistent with the general verdict that they can not be reconciled therewith on any reasonable hypothesis, and are sufficient to support a judgment in favor of the moving party, then the facts so found will control the general verdict, and the court must give judgment accordingly. *Thompson* v. *Cincinnati, etc., R. R. Co.*, 54 Ind. 197; *Baltimore, etc., R. R. Co.* v. *Rowan, supra; Frank* v. *Grimes*, 105 Ind. 346.

If, however, the facts so specially found, when construed as aforesaid, are manifestly inconsistent with each other, contradictory and uncertain in their meaning, and wholly insufficient to support any judgment in favor of the moving party, as in the case we are now considering, we have often decided that the facts so found will not control the general verdict, but the latter must stand, and judgment must be rendered thereon, without regard to the facts found specially. *Grand Rapids, etc., R. R. Co.* v. *McAnnally*, 98 Ind. 412; *Redelsheimer* v. *Miller*, 107 Ind. 485; *Rice* v. *City of Evansville*, 108 Ind. 7.

Appellant's motion for judgment in his favor, on the special findings of the jury, notwithstanding their general verdict, was correctly overruled.

The general verdict was found by the jury, upon conflicting evidence, and there is evidence in the record of this cause which strongly tends, we think, to sustain such general verdict on every material point. In such a case, it is settled by a long line of our decisions, that the verdict will not be disturbed, nor the judgment be reversed, upon what seems to us to be the weight or preponderance of the evidence.

The only point made by appellant's counsel, under the alleged error of the court in overruling the motion for a new trial, relates to the general verdict, and as to it all that is said, in the brief of counsel, is the bald statement that "it is entirely unsupported by, and is contrary to, the evidence." There are no "marginal notes" on the record of this cause, and

there is no such brief on behalf of appellant as is required by the rules and decisions of this court. *City of Anderson* v. *Neal*, 88 Ind. 317, and cases cited. This appeal, therefore, might well have been dismissed, as suggested by appellee's counsel, for appellant's non-compliance with the rules of this court; but we preferred to consider and decide the questions presented, which we have done accordingly.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed April 1, 1887; petition for a rehearing overruled June 29, 1887.