No. 13,275.

ANDERSON ET AL. *v.* LIPE.

PLEADING.—*Complaint Before Justice of the Peace.—Sufficiency of.*—A complaint, in a civil action before a justice of the peace, is sufficient if it will inform the defendant of the nature of the cause of action, and bar another action for the same cause.

SAME.—*Arrest of Judgment.*—For a complaint, in an action originating before a justice of the peace, which is held sufficient to withstand a motion in arrest of judgment in the circuit court, on appeal, see opinion.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellants.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellee.

HOWK, J.—In this case, the only error assigned here by appellants, the plaintiffs below, is the sustaining of defendant's motion in arrest of judgment, and the rendition of judgment in his favor.

The suit originated before a justice of the peace of Knox county, before whom the defendant recovered a judgment, from which plaintiffs appealed to the court below. There the cause was tried by the court, and a finding was made for the plaintiffs, assessing their damages in the sum of $67.60. Defendant's motion for a new trial having been overruled, he then moved the court, in writing, to arrest judgment on its finding herein. This motion was sustained by the court; and, over plaintiffs' exceptions to such ruling, the court adjudged that judgment on its finding aforesaid should be arrested. From such judgment of the court, the plaintiffs now here prosecute this appeal, and assign as the only error, of which they complain, the ruling of the court below in arresting judgment on its finding, in their favor and against defendant herein, for their damages assessed as aforesaid.

Manifestly, the only question presented for our decision,

by the record of this cause, and plaintiffs' assignment of error thereon, is this: Are the facts stated in plaintiffs' complaint sufficient, after trial and finding thereon, to constitute a cause of action, and to sustain a judgment in their favor and against the defendant herein?

Plaintiffs commenced this suit, as we have heretofore said, before a justice of the peace of Knox county. Their complaint, as filed before the justice, contained two paragraphs; but, before the cause was tried by the court below, they dismissed the second paragraph of their complaint, at their costs. This left the first paragraph as their only complaint properly in the record, and it will be spoken of and considered as such complaint in this opinion.

On the 1st day of August, 1885, plaintiffs, Anderson and Weissenberger, filed their complaint herein, before such justice of the peace, wherein they alleged that defendant, Lipe, was justly indebted to them in the sum of $100, for that, whereas, theretofore, to wit, on the 25th day of June, 1885, such defendant executed and delivered to said plaintiffs, by the name and style of "Gas-Fitting Co.," his promissory note, of which the following is a copy:

"$64.69.　　　Vincennes, Ind., June 25th, 1885.

"Thirty days after date we, or either of us, promise to pay to Gas-Fitting Co., or order, sixty-four $\frac{69}{100}$ dollars, negotiable and payable at the Vincennes National Bank, Vincennes, Ind., for value received, and the same to be included in any judgment on this note, without relief from valuation or appraisement laws.

　　　　　　　(Signed)　　　"Vincennes M'f'g Co.

　　　　　　　　　　　"By Columbus I. Lipe, Sec'y.

"George F. Montgomery, Pres't."

That the said note was justly due, and, together with the interest accruing thereon, remained unpaid, to plaintiffs' damage $100, for which sum they demanded judgment, etc.

It is not shown by the record of this cause that the suffi-

ciency of plaintiffs' complaint was called in question by defendant before the justice or in the circuit court, by his motion to dismiss or his demurrer for the alleged want of facts therein. But after the cause had been fully heard and determined, and after the court had found for the plaintiffs and assessed their damages as aforesaid, and after the court had overruled defendant's motion for a new trial herein, then, for the first time, defendant assailed the sufficiency of plaintiffs' complaint by his motion in arrest of judgment on the court's finding, upon the following grounds, namely : (1) " Because the complaint does not state facts sufficient to constitute a cause of action ;" and (2) because "the complaint does not state facts sufficient to warrant a judgment in favor of plaintiffs against the defendant."

We are of opinion that the court below clearly erred in sustaining defendant's motion in arrest of judgment herein. It has been uniformly held by this court that, in civil suits originating before a justice of the peace, the plaintiff's complaint will be sufficient under the civil code, even on demurrer for the alleged want of facts, if it will inform the defendant of the nature of the plaintiff's cause of action, and be so explicit that a judgment thereon may be used as a bar to another suit for the same cause of action. *Milholland* v. *Pence,* 11 Ind. 203; *Clark* v. *Benefiel,* 18 Ind. 405; *Ginn* v. *Collins,* 43 Ind. 271; *Powell* v. *DeHart,* 55 Ind. 94; *United States Ex. Co.* v. *Keefer,* 59 Ind. 263; *Hewett* v. *Jenkins,* 60 Ind. 110; *Smith* v. *Stanford,* 62 Ind. 392; *DePriest* v. *State, ex rel.,* 68 Ind. 569; *Beineke* v. *Wurgler,* 77 Ind. 468; *Koons* v. *Williamson,* 90 Ind. 599; *Pennsylvania Co.* v. *Rusie,* 95 Ind. 236; *Western Union Tel. Co.* v. *Huff,* 102 Ind. 535; *Rice* v. *Manford,* 110 Ind. 596.

Applying this liberal rule of pleading, so often declared and approved by this court in causes originating before a justice of the peace, to the complaint in the case under consideration, it seems to us that it would have been error in the court below to have sustained a demurrer to such complaint

for the alleged insufficiency of the facts therein to constitute a cause of action. But however this may have been, it is certain, we think, that, after the trial of the cause and the finding of the court for plaintiffs on such complaint, it was clearly error to sustain defendant's motion in arrest of judgment on the finding of the court for either of the reasons stated in such motion.

Plaintiffs' complaint herein, the substance of which we have heretofore given, fully informed the defendant of the nature of their alleged cause of action against him, and was so full and explicit in its statement of facts that a judgment thereon in plaintiffs' favor could be used by defendant as an absolute bar to any other suit for the same cause of action. It must be held, therefore, we think, in the light of our decided cases during more than fifty years past, that the court below clearly erred in sustaining defendant's motion in arrest of judgment herein. *Denby* v. *Hart*, 4 Blackf. 13.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the motion in arrest and render judgment for plaintiffs for the damages assessed, etc.

Filed May 9, 1888.